By the Court.—Barbour, Ch. J.
This is an appeal from a judgment at special term in favor of the defendants, upon their demurer to the complaint, on the *321 ground that it did not contain sufficient facts to constitute a cause of action.
The complaint alleges that each of the parties is a corporation; that in December, 1869, one Cornelius Oakley was the owner of two hundred and four hogsheads of tobacco, which were in the possession, or under the control of the defendants; that such owner sold the same to Edward J. Oakley, and- the latter, on the same day, sold and assigned the property to the plaintiffs ; that, in January, 1870, they requested the defendants to deliver the tobacco to them, and at the same time, offered to pay all the legitimate charges which the defendants had incurred in the way of storage. cartage, insurance, &c., and that the latter refused to surrender the same; and the plaintiffs claim a judgment against the defendants, “as for a wrongful conversion of the said tobacco, and damages to the amount of one hundred thousand dollars, and costs.”
Thus far stated, the complaint contains all the facts necessary, under our present system of pleading, to constitute what was in former times known as an action of trover and conversion, and those facts, if established, would have been sufficient to entitle the plaintiffs to a recovery.
The complaint, however, further alleges, that, prior to the sale by Cornelius Oakley, the original owner, and in February,1868, he placed the tobacco in the hands of the defendants, by a pledge of the warehouse receipts, which had been given to him therefor, as security for a loan of money; that, from time to time, up to the 17th of ¡November, 1869, the defendants loaned and advanced to him, further sums on the pledge of such receipts ; that for such advances, the notes of Oakley were given, payable at sixty days or shorter periods, which were consolidated and renewed from time to time, and that upon such renewals, a charge of one per cent, was made-to Oakley upon the debt, in addition to the legal inter *322 est; that on the last named day, the company claimed that there was due to them, on account of those transactions, a balance of $56,733.38, and required Oakley, as a condition of forbearing payment for thirty days, to, and he thereupon did, execute and deliver to them his promissory note for that sum at thirty days, and, also, an instrument in writing, which is set forth in the complaint.
By that instrument, Oakley, after stating by way of recital that he had confided the two hundred and four hogsheads of tobacco to the management, custody, and charge of the defendants, and that they had advanced to him upon it the sum of $56,733.78, for which he had given them his note, stipulated and agreed that for such advance, together with the interest, commissions and charges therein mentioned, the defendants should have a li.en upon the tobacco ; that in case the said advance, with the interest thereon, should not be paid within thirty days, the defendants should be at liberty to sell the property pledged, without notice, and apply the proceeds to the payment of the debt; or, if no sale should be made, the advance should be refunded to them with, interest, and, also, a commission of one per cent, upon the amount of the advance, as a compensation for all management and charge of the property while in their custody, over and above all charges for storage, and all disbursements made by them on account of the same. The complaint further alleges and claims that the defendants never had and were not intended to have any care or actual custody of the property, and that those dealings between the* pledgor and them, as well as the said note 'and agreement, were usurious and contrary to the provisions of the Revised Statutes in relation to usury.
If the plaintiffs’ pleader had contented himself with stating in the complaint such facts only, as were necessary to constitute a cause of action in replevin or for con* *323 version, the defendants would have found it necessary to set forth, in their answer, the fact that the property in question had been placed in their hands by Oakley, and was held by them as a pledge for the payment of the moneys advanced by them ; in which case, the plaintiffs, if they had desired to avail themselves of the statute of usury, would have been compelled to def end themselves against that claim of the defendants, by an averment of the necessary facts in their reply, and by pleading the statute. But the counsel saw fit to insert in his complaint, not only the facts necessary, in the first instance, to entitle his clients to a recovery, but also the claim of the defendants, and the facts upon which it was founded, with the defense of the plaintiffs to that claim. By their own pleading, therefore, the plaintiffs have brought themselves within the very letter of the statute of 1850, which declares that “no corporation shall hereafter interpose the defense of usury in any ■ action.”
The defendants might, probably, have maintained a motion to strike from the complaint all the allegations relating to the transactions between Oakley and themselves, on the ground that those facts did not tend to constitute a cause of action in favor of the plaintiffs. So, too, a motion to strike out the special averment that the dealings and agreements between the defendants and Oakley were contrary to the provisions of the statute of usury, and void, would no doubt have been granted, because of the statutory prohibition against the interposing of a defense of that character by a corporation. Bat I see no necessity for such a course. The statute was, undoubtedly, intended to exclude corporations not only from pleading usury, but from availing themselves of the law in regard to usury in any k manner, as a defense.. The defendants, therefore, might' safely admit, as they did by their demurrer, that their transactions with Oakley were usurious, because, al *324 though true in fact, that defense on the part of the plaintiffs to the defendants’ claim was not good in law.
For these reasons, and without discussing here the further questions raised by counsel at the hearing, the judgment below should be affirmed with costs.