# Webster, Appellant, *v.* Smith.

*Interest—Usury—Judgment—Opening judgment.*

A security given in payment or discharge of an usurious contract is equally void with that. The original taint attaches to all consecutive obligations growing out of the original usurious transaction, and none of the descendant obligations can be free from it if descent can be traced.

When the consideration of a confessed judgment is made up in part of usury, no matter in what form it may be disguised, the court will ordinarily open the judgment and afford relief.

Argued April 16, 1908. Appeal, No. 161, April T., 1908, by plaintiff, from order of C. P. No. 1, Allegheny Co., Sept. T., 1907, No. 144, making absolute rule to open judgment in case of C. Webster v. Elizabeth Smith and John T. Smith. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule to open judgment.

MACFARLANE, J., filed the following opinion:

In the month of September, 1905, the defendant made a note to plaintiff for "about $625." She actually received in cash $500. No explanation is given as to the balance. The amount claimed by plaintiff to be due him on June 23, 1906, was $424. This is arrived at by taking from the amount of the second note of that date, $798, the sum of $174 agreed "expenses," etc., leaving $624, and from that deducting $200, the amount of cash defendant then received, the balance, $424, being applied to the payment in full of the balance claimed by plaintiff to be due on the first note. The plaintiff's check for $625, dated June 23, 1906, to the order of the defendant and indorsed by her, represented the $200 cash received by her and the balance,

$425, on the first note. The discrepancy of $1.00 is not explained.

The voluntary payment of the balance claimed on the first note does not preclude defendant from claiming that it was usurious. It is well settled that the taking up and renewing of usurious notes and obligations does not remove the right to defend against the usury paid. The cases of Marr v. Marr, 110 Pa. 60, and Reap v. Battle, 155 Pa. 265, are sufficient authority out of the large number of cases cited in 22 Pepper and Lewis' Digest, column 39,299.

The plaintiff's agent admitted that the amount of cash received by defendant on the original loan was $504.

Taking the original debt to be $504 and the payments thereon they appear in the defendant's testimony, viz.: September 27, 1905, $57.00; October 28, 1905, $57.00; November 28, 1905, $57.00; December 29, 1905, $57.00; and January 29, 1906, $57.00; a total of $285. The amount due on June 23, 1906, by the method of calculation of defendant's counsel is $500, less payment of $285, or $215, to which is added $24.66 interest on $500 from September 1, 1905 to June 23, 1906, a total of $239.66. Adding to this $200 then received and the amount of the debt was then $439.66.

By paper of that date the defendant made application for a loan of $625 to be paid in twelve monthly installments of $66.50 and agreed that in addition to the amount of the loan she would pay $174 for drafting papers, appraising her property and looking up the title to same, making all necessary searches including the judgment records, and also the interest at six per cent in advance to June 28, 1907, this making her total indebtedness $798.

For a debt claimed to be $625 and actually $439.66 the charge of $174 is preposterous. The "papers" so far as it appears, were two blank forms, one a judgment note, and the other the agreement. Whether a title to real estate was examined we do not know. On this debt the defendant has paid $504.

As presented here it is plainly a case requiring the opening of the judgment.

*Error assigned* was the order of the court.

*J. D. Hern,* for appellant.

*J. S. Christy,* for appellee.

PER CURIAM, May 14, 1908:

The principle established in Campbell v. Sloan, 62 Pa. 481, and recognized in many subsequent cases, is that "a security given in payment or discharge of an usurious contract is equally void with that. The original taint attaches to all consecutive obligations growing out of the original usurious transaction, and none of the descendant obligations can be free from it if descent can be traced." When the consideration of a confessed judgment is made up in part of usury, no matter in what form it may be disguised, the court will ordinarily open the judgment and afford relief. Notwithstanding the suggestion of appellant's counsel we find no clear evidence in this case as now presented which would estop the defendants from claiming such relief. The opinion filed by the learned judge below shows quite clearly that there was ample evidence to sustain the defendants' contention that the consideration of the judgment was made up, in part at least, of usury. Therefore no error was committed in opening it and permitting the defendants to defend before a jury to the extent that such usury and actual payments go in reducing the indebtedness.

The order is affirmed and appeal dismissed at the costs of the appellant.