## Saunders *v.* Resnick, Appellant.

458

Argued October 30, 1940.

Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT,

*Michael Edelman,* with him *S. Solis Chaiken,* for appellant.

*Thomas F. Gain,* with him *Leon B. Miller,* for appellee.

Opinion by Parker, J., December 13, 1940:

This is an action in assumpsit brought under the Act of May 28, 1858, P. L. 622, §2 (41 P.S. §4), for the recovery of alleged usurious interest. Defendant filed an affidavit of defense containing new matter and plaintiff filed a reply raising a question of law and entered a rule for judgment for the amount claimed. The lower court sustained the plaintiff's legal position, made the rule absolute and entered judgment for the amount of the claim less $33, which is not now in dispute. Defendant has appealed.

Accepting the averments in the statement of claim which were admitted or not denied and giving defendant the full benefit of the facts set up by him by way of new matter, a controlling question of law was presented to and correctly decided by the court below. We will summarize the essential facts. Plaintiff needed $3,000 to effect a settlement with his creditors. By written contract between the parties made January 25, 1938, defendant agreed to and did deposit with plaintiff's attorney $3,000 to be used in making the settlements. Plaintiff agreed to secure a discharge from at least 90% of his creditors and to satisfy in full the claims of those who would not compromise and to deliver to defendant a bill of sale for the assets of plaintiff's business and transfer to him the insurance thereon. At the same time he gave to defendant fifty checks for $68 each, payable weekly beginning January 31, 1938, and ending January 9, 1939, aggregating $3,400. Defendant agreed in turn that upon payment of the $3,400 he would re-convey and re-assign the assets and insurance to plaintiff. Settlement was made with plaintiff's creditors and the checks were paid in full, giving defendant a return or profit of $400, or $310 more than legal interest.

On September 19, 1938, a second agreement of the same character was made between the parties whereby defendant furnished plaintiff $2,500 and plaintiff gave

defendant his promissory note for $2,800 and fifty-six checks for $50 each, payable weekly, or a net profit or return of $300. The same property and insurance policies were to be retained until the note was paid. Later defendant loaned plaintiff $200. It is agreed that this was a straight loan.

On March 7, 1939, the assets were destroyed by fire. The policies were payable to plaintiff and defendant "as their interests may appear". Dispute arose between the parties as to their rights to the sum due from the insurance company and "in compromise and settlement of the dispute between the parties, it was orally agreed" that the defendant should retain out of the proceeds of said insurance money the sum of $2,675 and deliver the balance of $33 to plaintiff's attorney. The effect of this was to discharge the original indebtedness in full, that is to say, to pay the sums of $3,400, $2,800, and $200 and thereby give the defendant $455.52 more than legal interest at 6 per cent.

By the oral agreement for the settlement of the dispute as to the insurance money "it was agreed that the retention of the said sum of $2,675 by the defendant out of the proceeds of the said draft, and the payment of $33 by the defendant to the plaintiff's attorney and the delivery by the defendant to the plaintiff's attorney of the aforementioned checks and other papers should operate as a full release of all claims which the plaintiff and defendant had, one against the other, arising out of the said written agreements of January 25, 1938 and September 19, 1938." There is not any dispute as to the amounts of the various sums which passed between the parties or as to the amounts which would represent usurious interest if the transaction was in fact a loan. It is also admitted that the suit was brought within the time prescribed by the statute for the recovery of usurious interest.

The appellant's argument is three-fold. He insists (1) that the first two transactions were not loans but

that the transactions constituted a sale and purchase; (2) that the discharge of plaintiff's obligation in part by means of the insurance money was not a payment by plaintiff of usurious interest; and (3) that the oral compromise made when the insurance money was distributed was valid and effective as a release and bars a recovery.

(1) There is not a single averment in the pleadings that will serve to distinguish this case from the ordinary case of a loan where collateral is deposited with the lender as security for the money advanced. The studious effort of the defendant to avoid the use of the word "loan" is of no avail to him. Looking to the substance rather than the form it is clear that the transaction was a loan and not a sale. The plaintiff bound himself to repay the amount given him and the defendant bound himself to re-convey the property when the money was repaid. If we accept defendant's own theory, he was to pay for the property $5,500 and to re-convey it for $6,200. "The usurious nature of the contract is especially clear when the purchaser reserves the right to compel a repurchase at such higher price. So when the purchaser takes from the vendor a binding obligation to repurchase at a certain future time at an advance greater than legal interest on the pretended purchase price paid, the transaction is usurious *on its face*" (Italics supplied): 66 C. J. 185, Usury, §80.

The applicable law is admirably stated by the late Mr. Justice BARNES in *Simpson v. Penn Discount Corp.*, 335 Pa. 172, 175, 5 A. 2d 796: "The statute against usury forms a part of the public policy of the state and cannot be evaded by any circumvention or waived by the debtor: *Moll v. Lafferty*, 302 Pa. 354, 359. It is immaterial in what form or pretence the usurious interest is covered in the contract: *Earnest v. Hoskins*, 100 Pa. 551, 559. As usury is generally accompanied by subterfuge and circumvention of one kind or another to present the color of legality, it is the duty of the

court to examine the substance of the transaction as well as its form ........." It is immaterial under what form of pretence usury is compelled. If it can by any means be discovered our courts will refuse to enforce its payment.: *Hartranft v. Uhlinger,* 115 Pa. 270, 273, 8 A. 244.

(2) The contention that the usurious interest was not paid by plaintiff but by the insurance company is without any merit. The transaction was essentially the same as in any case in which collateral is applied to the payment of the principal obligation. It was plaintiff's property which was insured and it was insurance paid for by the plaintiff on that property which discharged the obligation. This amounted to a payment by plaintiff. It is well established that "where the mortgagor obtains insurance on the mortgaged property under a policy containing the usual clause making any loss due him payable to the mortgagee as his interest may appear, the proceeds of such insurance, when received by the mortgagee, amount to a payment on the mortgage debt, extinguishing it pro tanto": 11 A. L. R. Note, 1296. The same rule should apply here.

(3) Was the oral settlement binding and effective? If it was, we might as well repeal our usury laws. The pleading says that a dispute arose and a compromise was made, but no facts setting forth the dispute were pleaded. The only possible inference is that if there was a dispute it related to the usurious interest that was claimed. To hold that a settlement based on such a dispute is valid would nullify the statute against usury. "Until the relation of lender and borrower has ceased, the latter remains subject to the same pressure and the reason for affording him protection against the illegal demands of the lender continues to exist. In other words, if the legislative intent to effectively prevent the payment and collection of usury as disclosed in the statute is to be fully and completely carried out the right of a borrower to pursue the excessive interest must

not be defeated by permitting the lender to demand and the borrower to give a release or other acquittance so long as the lender retains the usury. Any other interpretation destroys the protection of the statute": *Thompson v. Prettyman,* 231 Pa. 1, 7, 79 A. 874.

Judgment affirmed.