## Silver v. Michelle Gardens, Inc.

*Gabriel Berk*, for plaintiff.

*Hillard N. Zebine, David Rosen, Erwin Lodge* and *H. Mark Solomon*, for defendant.

GOLD, P. J., August 23, 1963.—During 1960, Robert and Edith Skalsky borrowed $10,000 from plaintiffs

and gave in return their personal judgment note for $13,000 and various collateral security. The interest charged and included in the note was usurious.

The Skalskys made payments on the loan for about one year at which time they found it necessary to obtain another loan from another party, but in order to do so, it was required that the security deposited with plaintiffs be posted with the new lender.

After negotiations, plaintiffs agreed to release the collateral then held by them *in exchange for* a judgment note executed by defendant corporation. This note, on which the present action is based, was a continuation of the old debt of the Skalskys reduced by the amount which had been paid up to that time. The Skalskys have since satisfied their lawful obligation as the principal debtors. Plaintiffs now seek that which they were unable to recover from the principal debtors —the usurious interest which the principal debtor had originally promised to pay.

Plaintiffs' claim in this action is based upon the proposition that a corporation may not plead the defense of usury: Act of May 5, 1933, P. L. 364, article III, sec. 313, 15 PS §2852-313. However, when the events and the relationship between the parties are examined it becomes evident that the defense of usury need not be asserted in order to defeat plaintiffs' claim. See Brock's Assigned Estate (No. 1), 312 Pa. 7 (1933).

The corporation's note was intended to be, and understood by the parties to be, merely a substitution of collateral as security for a loan made to the individual, principal obligors. Only one obligation was owed, and when that obligation was legally satisfied, the creditor may not then subvert the usury laws by collecting from the collateral that which they could not collect from the individual obligors.

Even if the legal relationship between corporate defendant and plaintiffs is considered one of suretyship,

the surety's undertaking is to pay the obligation only if the principal debtor fails to perform. Accordingly, when the principal debtors fully performed their legal obligation, the surety was necessarily discharged: Restatement of Security, §§82, 83, 115(1); 50 Am. Jur. 983, Suretyship, §121; Marsh v. Consolidation Bank, 48 Pa. 510 (1865); Brock's Assigned Estate (No. 1), supra.

Even apart from suretyship principles which do not raise the defense of usury, if a loan is actually made to a corporation, the defense of usury will not be permitted, but if the corporate form is merely used to disguise a usurious loan to an individual, usury may be asserted as a defense: Gelber v. Kugel's Tavern, Inc. 10 N. J. 191, 89 A. 2d 654 (1952); First National Bank v. American Near East & Black Sea Line, Inc., 119 Misc. 650, 197 N. Y. S. 856 (1922); Holland v. Gross, 89 So. 2d 255 (1956, Fla.). See also: Merchants Exchange Nat. Bank v. Commercial Warehouse Co. 49 N. Y. 635, revg. 1 Jones & S. 317 (1872); Frank v. Hasing Realty Corp. 234 App. Div. 712, 252 N. Y. S. 847 (1931); Greengard v. Katz, 270 Ill. App. 227 (1933).

Accordingly, defendant's rule to reassess damages in the amount of $2,022.08 is made absolute.