Walnut Discount Co., Appellant, *v.* Weiss.

Argued December 15, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P.J., absent).

*Abe Lapowsky,* for appellant.

*William T. Adis,* for appellees.

OPINION BY FLOOD, J., March 18, 1965:

The plaintiff has appealed from an order of the court below opening his judgment upon the ground that the underlying obligation was usurious. He contends that the note represented a corporate obligation and the appellees, as individual guarantors of the obligation of a corporation, cannot successfully raise the defence of usury.

The defendants made an agreement dated February 19, 1960, under which they purported to guarantee the obligation of Department Store Tire Sales, Inc., a Pennsylvania corporation, giving to the plaintiff their own judgment demand note upon which judgment was forthwith entered of record. The obligation bore interest at the rate of two per cent per month. Interest payments at this rate were made until July 1, 1964, when the appellees filed a petition to show cause why the judgment should not be opened and satisfied. The court below sustained the contention that the note

was usurious and opened the judgment for a determination of the amount, if any, remaining due.

The note was given to replace an existing obligation of the defendants to the appellant as guarantors of a loan made by the plaintiff on or about May 6, 1959, to Roll-In Tire Service, Inc., a corporation of which their son, Roland Weiss, was president and principal stockholder. On or about January 22, 1960, Roll-In was adjudicated a bankrupt. At that time its indebtedness to the plaintiff had been reduced to $2900 and the plaintiff demanded payment of this balance from the appellees, Harry and Sylvia Weiss. Roland Weiss endeavored to get an extension of their obligation and was told by the appellant's attorney that this could only be done if a new loan in corporate form replaced their obligation.

Roland then formed a new corporation, Department Store Tire Sales, Inc., of which he was president and sole stockholder. The appellant, on February 16, 1960, executed an agreement with Department Store Tire Sales, Inc., wherein the new corporation, purportedly borrowed $2900 from it, agreeing to pay interest of two per cent per month on the $2900 for six months and to repay the principal in weekly installments of $117 commencing six months after date. No interest was to be paid after six months, but if a delinquency should arise interest was to be paid at the rate of two per cent per month during the delinquency. The appellees signed this agreement as individuals and "guarantors" and executed the judgment note which is the subject of this proceeding. The agreement also recited that appellees, as guarantors, requested the loan from the appellant loan company. The appellant drew a check for $2900 to the new corporation which was endorsed back by the corporation to appellant, which used the proceeds to pay off the balance of $2900 on the Roll-In loan on which the appellees had also been guarantors.

The court below found as facts that the appellees were actually the principal obligors and Department Store Sales, Inc., the new corporation, was merely an accommodation maker or surety, that the corporate device was used by the loan company in an attempt to take advantage of §313 of the Business Corporation Law of May 5, 1933, P. L. 364, art. III, 15 PS §2852-313, to avoid the defence of usury, but that the appellees, as individuals, were not prevented by §313 from asserting the defence of usury. The court consequently held, under the Usury Act of May 28, 1858, P. L. 622, §2, 41 PS §4, that all amounts paid in excess of 6% simple interest should be credited on the principal sum of $2900 and opened the judgment in order that the amount, if any, remaining due might be determined.

We have been referred to no case in our appellate courts determining the effect of §313 of the Business Corporation Law upon the obligation of individual endorsers of a corporate obligation bearing usurious interest. An early Pennsylvania case, considering a similar New York statute, held that a corporate obligation carrying usurious interest was valid as to the corporation but that the individual accommodation endorsers could successfully raise the defence of usury. *Bock v. Lauman*, 24 Pa. 435 (1855). On the other hand, the New York Court of Appeals, construing its own statute,[1] has held that the individual guarantors of a corporate obligation are precluded from interposing the defence of usury. *General Phoenix Corp. v. Cabot*, 300 N.Y. 87, 89 N.E. 2d 238 (1949). The weight of authority is in accord with the New York view. *General Motors Acceptance Corp. v. Larson*, 110 N.J. Eq. 305, 159 A. 819 (1932); *Pardee v. Fetter*, 345 Mich. 548,

---

[1] N. Y. General Business Law §374, which is derived from the Act of April 6, 1850, considered in *Bock v. Lauman*, supra.

77 N.W. 2d 124 (1956); *Dahmes v. Industrial Credit Co.*, 261 Minn. 26, 110 N.W. 2d 484 (1961); 63 A.L.R. 2d 924, 950, §12.

Where, however, the obligation is really that of an individual, and the form of a corporate obligation is used only in an attempt to evade the usury laws, there is a split of authority. It is held in some jurisdictions that the individual may successfully raise the defence of usury in such a case, even though he appears on the face of the documents to be an endorser or guarantor of a corporate obligation. *Holland v. Gross*, 89 So. 2d 255 (Fla., 1956), 63 A.L.R. 2d 920; *Gelber v. Kugel's Tavern, Inc.*, 10 N.J. 191, 89 A. 2d 654 (1952); *In re Greenberg*, 21 N.J. 213, 121 A. 2d 520 (1956). And see *Silver v. Michelle Gardens, Inc.*, 32 Pa. D. & C. 2d 289, at 291 (1963).

On the other hand, some courts have held that the parties were free to frame their transactions so as to take advantage of the corporate exemption from the usury laws, even though the loan was in reality made to individuals, and if a corporation actually executed the contract with the individuals as guarantors, the usury defence was precluded, in the absence of fraud. *Jenkins v. Moyse*, 254 N.Y. 319, 172 N.E. 521 (1930); *Rabinowich v. Eliasberg*, 159 Md. 655, 152 A. 437 (1930). And see 63 A.L.R. 2d 924, §14, and cases cited.

We are not called upon to decide whether Pennsylvania should follow the majority rule in holding that the removal of a true corporate obligation from the usury laws under §313 of the Business Corporation Law also deprives all other parties to the contract, including endorsers and guarantors, of that defence. Much can be said for that view, but, even if it were adopted, our strong public policy against usury would prevent its extension to an obligation which is merely in form, but not in fact, a corporate obligation, or even to an

obligation where the principal debtors are individuals and the corporation, though the apparent principal, is at most an accommodation maker.

In *Simpson v. Penn Discount Corp.*, 335 Pa. 172, 175, 5 A. 2d 796, 798 (1939), where an individual borrower was allowed to assert the defence of usury, the Court stated: "The statute against usury forms a part of the public policy of the state and cannot be evaded by any circumvention or waived by the debtor . . . It is immaterial in what form or pretence the usurious interest is covered in the contract . . . As usury is generally accompanied by subterfuge and circumvention of one kind or another to present the color of legality, it is the duty of the court to examine the substance of the transaction as well as its form, and the right to relief will not be denied because parol proof of the usurious character of the transaction contradicts a written instrument." To the same effect is *Richman v. Watkins*, 376 Pa. 510, 103 A. 2d 688 (1954). So, in *Saunders v. Resnick*, 142 Pa. Superior Ct. 457, 16 A. 2d 676 (1940) a transaction termed a sale by the parties was held by the court to be in substance a loan and usurious. "When the consideration of a confessed judgment is made up in part of usury, no matter in what form it may be disguised, the court will ordinarily open the judgment and afford relief." *Webster v. Smith*, 36 Pa. Superior Ct. 281, 283 (1908).

This strong public policy requires us to construe §313 of the Corporation Law so as to preclude the defence of usury only in the case of a bona fide corporate loan and not to extend its effect to loans to individuals who, though on the face of the documents endorsers or guarantors of a corporate obligation, are in fact the real debtors. When the form of a guarantee of a corporate loan is used only to give the obligation the appearance of being within the ambit of §313 of the Business Corporation Law, we hold, in accord-

ance with the New Jersey and Florida cases cited above, that that section does not apply.

The case of *Strauss v. W. H. Strauss & Co., Inc.*, 330 Pa. 517, 199 A. 195 (1938), relied on by the plaintiff, involved a claim against the receiver of a corporation which was an accommodation endorser of the note of one of its two stockholders, the proceeds of which were used to pay off the personal obligation of the stockholder. The case held only that ultra vires was no defence to the corporation because of §303A(1) of the Business Corporation Law, 15 PS §2852-303A(1), even though the corporation received no benefit from the note. This does not mean that an individual who is the principal obligor is deprived of the defence of usury by §313 of that law, 15 PS §2852-313, because a corporation is an accommodation maker and the individual signs a contract in which, although it recites facts showing him to be the principal debtor, he undertakes to sign as a guarantor. The *Strauss* case holds only that the corporation may be liable on the note because of §313. It does not deprive the individual defendant of the defence of usury on any attempt to collect from him interest in excess of 6%. Even if the corporation, although only an accommodation maker, is deprived by the Business Corporation Law of both the defence of ultra vires and the defence of usury, this lends no support to the proposition that if the primary obligor is the individual, he may be deprived of the defence merely because the corporate device is used. As was stated by Mr. Justice BRENNAN (now of the Supreme Court of the United States) in *Gelber v. Kugel's Tavern*, supra, 10 N.J. at 196, 89 A. 2d at 656, construing a New Jersey act substantially identical to §313 of the Business Corporation Law of Pennsylvania: "It is generally recognized, however, that an individual may recover usurious payments on loans made in fact to the individual though in form

168

disguised as loans to a corporation and evidenced by obligations executed by it to hide the fact that the lender has exacted an illegal rate of interest from the real borrower . . ."

Order affirmed.