WEST 132 FEET OF SOUTH HALF OF SOUTHEAST QUARTER OF SOUTHWEST QUARTER OF SOUTHWEST QUARTER OF SECTION TWENTY-SIX, TOWNSHIP TWENTY-TWO, SOUTH OF RANGE TWENTY-NINE EAST, VIRGINIA BURNS AND JOHN JONES, *Appellants,* v. THE CITY OF ORLANDO, A MUNICIPAL CORPORATION, AND JOHN D. RAMKE, *Appellees.*

Opinion Filed March 27, 1920.

Petition for Rehearing Granted May 3, 1920.

Opinion on Rehearing Filed July 10, 1920.

1. Nothing can be received as a defense to an application for a writ of assistance to affect the decree in aid of which the writ is asked, but the jurisdiction of the court in the original cause is open to question.

2. Where constructive service by publication is substituted by statute for personal citation, a strict compliance with the statutory provisions is essential to confer jurisdiction.

3. Where the law authorizes described land to be made defendant in a suit for enforcing a lien thereon, there should be no material variance between the land described in the pleadings and that described in the notice by publication, and where the description in the notice as published is ambiguous and may describe two distinct bodies of land, such description is too indefinite to constitute a valid notice by publication.

Decree reversed.

*Jones & Jones,* for Appellants;

*Massey & Warlow,* for Appellees.

REAVES, Circuit Judge.—The City of Orlando is empowered by Chapter 5317, Acts of 1903, as amended by Chapter 5524, Acts of 1905, to collect unpaid taxes by foreclosure of the lien and sale of the property assessed. The proceeding shall be brought against the person named as owner and others, if any, interested in the property, and "If such real estate be assessed to an unknown owner, the city solicitor may bring the bill against the real estate itself as defendant." Sec. 13 as amended.

Resident defendants must be served personally, and absent defendants may be served by publication. The notice published "shall be addressed 'to all whom it may concern,'" and "shall contain a description of the real estate," and "if the real estate itself be made the defendant, the service shall be made by the making and publication of the order 'To all whom it may concern' herein provided," etc. Sec. 13.

The bill was brought against the property; it having been assessed as "unknown," no owner or other person

interested being named as a defendant.   Final decree followed a decree *pro confesso;* the property was sold and deeded by the master to John D. Ramke, one not a party to the suit, who, after a lapse of more than two years petitioned the court for a writ of assistance to secure possession of a portion of the property then held by John Jones and Virginia Burns, and from an order granting such writ defendants named in the petition appealed.

"Nothing can be reecived as a defense to an application for a writ of assistance to affect the decree in aid of which the writ is asked, defendant   *   *   *   being concluded on the merits."  5 C. J. 1322; Knight v. Hodge, 62 Fla. 516, 56 South, Rep. 942; Keil v. West, 21 Fla. 508.

"However the jurisdiction of the court in the original cause is open to question on an application for writ of assistance to enforce the decree therein."   5 C. J. 1323 and authorities cited in Note 85.

Many questions are raised and argued in the briefs, but at the very threshold of our investigation we are confronted by what seems to be a fatal defect in the citation as published which vitiates all subsequent proceedings.

The defendant named in the bill is the West 132 ft. of the S½ of SE¼ of SW¼ of SW¼ of Sec. 26, Tp. 22 S., R. 29 E., but in the citation or order of publication as published the description is "The West 132 feet of South half of Southeast quarter of Southwest quarter Southwest quarter of Section 26, Township 22 South, Range 29 East."

It will be noted that the word "of" preceding the words "Southwest quarter" last written is omitted.   Of is a

small word, but in describing lands it has large signifi-
cance, and its omission in this case leaves such uncer-
tainty as to the particular land proceeded against as not
to afford reasonable notice to parties interested therein.

Where constructive service by publication is substi-
tuted by statute for personal citation, a strict compliance
with the statutory provisions is essential to confer juris-
diction. Shrader v. Shrader, 36 Fla. 502, 18 South. Rep.
672; Myakka Co. v. Edwards, 68 Fla. 382, 67 South. Rep.
217.

Where the law authorizes described land to be made
a defendant in enforcing the lien thereon, there should
be no material variance between the land described in
the pleadings and that described in the notice by publica-
tion. And where the description of the land in the
notice by publication is ambiguous and may describe two
different distinct bodies of land, the description is too
indefinite to constitute a valid notice by publication.

Though not directly in point, the following cases are
enlightening upon the general proposition of what con-
stitutes a sufficient description of real estate to afford
constructive notice in a proceeding *in rem* to collect
taxes by sale of the land: Lee v. Crawford, 10 N. D. 482,
88 N. W. Rep. 97; Keith v. Hayden, 26 Minn. 212, 2 N. W.
Rep. 495; Power v. Bowdie, 3 N. D. 107, 54 N. W. Rep.
404.

To one familiar with the description of lands, it would
be apparent that some mistake existed in the published
order, but whether it was the omission of the preposition
of, or the conjunction and, or of a mere comma, or an
accidental repetition, he could only guess; but whether
of, or, and should be supplied or words "Southwest
quarter" last occurring omitted, would make a vast differ-

ence in the location and area of the land involved. To one not so accustomed to description of lands, it would be apparent that the description did not correspond with this deed, and therefore in neither case would the notice be reasonably calculated to bring the proceedings to the knowledge of parties who might use ordinary diligence in looking after their interest in the land involved.

The order appealed from should be reversed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the decree herein be, and the same is hereby, reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.