T. B. ESCOTT, *Appellant,* vs. CITY OF MIAMI, a Florida municipal corporation, *Appellee.*

144 So. 397.

Opinion filed November 17, 1932.

*Price, Price & Hancock,* for Appellant;

*J. W. Watson, Jr., Mitchell D. Price* and *Charles W. Zaring* and *Jack R. Kirchik,* for Appellee.

DAVIS, J.—The Charter of the City of Miami, Florida, is a special Act of the Legislature, Chapter 10847, enacted at the legislative session of 1925. Section 56 of that Act authorized the city to order certain local improvements, including storm sewers. Under it also power was conferred to designate the particular property which the City Commission deemed would be specially benefited by the improvements ordered, and to assess the costs of such improvements when made, against property held to be specially benefited thereby, in proportion to the benefits resulting.

Appellant complained by bill in equity filed in the Court below, that liens entered against his property were invalid, because he had been given no adequate lawful notice of certain proceedings had by the city for the making of a certain storm sewer improvement, designated by the municipal authorities as "Storm Sewer Improvement SR-211," initially authorized by Resolution No. 2833, and sought to enjoin the city from enforcing or attempting to enforce the liens entered for a proportionate part of the costs thereof, against his property described as Lot 11, Block 3, and Lot 11, Block 4, Escottonia Park, and the lands lying between the eastern boundary of said lots and Biscayne Bay.

Complaint was also made on the constitutional ground that the improvements ordered had resulted in no benefit whatsoever to the lands assessed for part of their cost, and

that the cost of the improvement had not been constitutionally apportioned according to any alleged benefits, claimed to have been brought about.

The Chancellor sustained the city's demurrer to the complainant's amended bill of complaint, holding in terms that "upon consideration thereof the Court finds there was a substantial compliance with the city charter by the defendant, its officers and employees, in making the assessments and in giving the several notices required by the charter and ordinances of the city; that complainant failing to appear before the City Commission and interpose objections to the levy of the assessment, is estopped from applying to the Court for relief on the ground that he derived no benefit from the installation of the storm sewer as alleged in the bill'' and that therefore the bill of complaint, as amended, should be dismissed. An appeal from the decree sustaining the demurrer and dismissing the bill brings the case here for review.

. In the instant case we judicially notice the fact that the Charter of the city is chapter 10874, Special Acts of 1925, and that such chapter is a part of the laws of the State of Florida, and that appellant, as the owner of lands in the city, was charged with notice that under the charter the city had the lawful power conferred upon it to order special improvements, including storm sewer improvements, and to assess and apportion the cost thereof against benefited properties located in the city, whether owned by residents or non-residents, upon following certain procedure laid down with reference to the exercise of the power conferred.

The procedure contemplated to be followed, in order to make assessments under this act effective, embraced the following steps: (a) the passage of a special resolution ordering the improvement to be made, giving

any short and convenient designation to the improvement ordered, such resolution being hereinafter referred to as the "preliminary" resolution; (b) preparation and filing of plans and specifications of the improvement ordered; (c) publication of notice by the City Clerk, that such plans and specifications and estimates had been made, and indicating a date upon which the City Commission would hear objections, if any, thereto; (d) hearing and confirmation of the preliminary resolution by the Commission, with amendments or alterations, if ordered by the Commission pursuant to objections; (e) record of the confirmatory resolution in a special book; (f) preparation of preliminary assessment roll to apportion costs after improvement authorized; (g) apportionment of costs on such roll; (h) filing of preliminary assessment roll (which is advisory only at this stage) with the city clerk and publication of notice of such fact, and opportunity to appear at a hearing before the City Commission to object thereto; (1) hearing of objections, if any, and revision, adoption and confirmation of assessments according to finding of commission as to benefits; (j) opportunity to appeal for review of action of Commission to Circuit Court.

The bill of complaint affirmatively showed that the city officials took the steps required by the statute, and that Resolution No. 3703 was adopted by the City Commission expressly finding that "the amounts assessed against each of the lots or parcels of land in said preliminary assessment roll are less than the amount that each of said lots or parcels of ground is specially benefited by said improvement, and that such amounts are in proportion to the special benefits that the property received." The statute provides that after such confirmation of the assessment roll and its delivery to the Director of Finance, that it shall be "final and conclusive."

That appellant's lands were embraced in the assessment as approved and confirmed by the City Commission is not denied. The objection urged is that appellant's property was not benefited, and that the special assessment against it was not lawfully apportioned if it was benefited, and that therefore appellant has the right to contest this proposition in a court of equity, notwithstanding the statutory proceedings had by the City as above referred to.

To support the contention made, appellant avers that his property does not lie upon, and is not contiguous to, any of the streets mentioned in the notice that was published with reference to the improvement; that the notice published is not legally constructive notice to him in any manner that his property was to be affected by reason of the resolution referred to therein; that therefore the city was without jurisdiction to proceed with the other steps provided by law, because of the alleged insufficiency of the preliminary notice.

The answer to this contention is that the proceedings which were had, substantially complied with the provisions of the city charter and the rule in such cases is that if there is a proceeding required and had, in the nature of a judicial proceeding, in which proceeding notice is given to the property owner and full opportunity is afforded him to be heard upon the merits of the proposed assessment against his property, such proceeding constitutes due process of law and its result is binding. Anderson vs. Ocala, 67 Fla. 204, 64 Sou. Rep. 775, 52 L. R. A. (N. S.) 287.

The rule is also to the effect, that while the **property** owner must have notice at some time before the *final* assessment is made, in order to give the tribunal vested with jurisdiction of the subject-matter, jurisdiction over his person and property, and so meet the constitutional

requirement of due process of law, it is not required (except as the statute may ordain) that such property owner shall be notified of the intention of the municipality to make the improvement, nor of the preliminary resolution. Neither is such property owner entitled to notice of every intermediate step in the proceeding leading up to the *final* assessment against his property. *It is sufficient if notice is given to him before the assessment becomes final and conclusive.* Millikan vs. Crail, 98 N. E. 291.

In this case the amended bill of complaint shows that the appellant had notice in the form, and according to the special requirements of the particular statute provision under which the proceedings were taken; that he was afforded ample notice and opportunity to be heard before the City Commission, prior to the time the assessments made against his property became conclusive under the law; that he failed to avail himself of the right to make objections during the course of procedure and leading up to the final entry of the lien placed against his property for the benefits assessed against it.

The purpose of notice under proceedings of this kind is to secure to the owner the opportunity to protect his property from the lien of the proposed tax or some part thereof, and in order to be effectual it should be so full and clear as to disclose to persons of ordinary intelligence in a general way what is proposed and when and where property owners may be heard. Only in a clear case will a notice in the form authorized by the legislature be set aside as wholly ineffectual because of its form or substance. 25 R. C. L. par. 78, page 165 and cases cited. The notices given in this case substantially conform to the terms of the particular statute here involved and were therefore sufficient under the foregoing rule.

In this case the statute authorized the City Commis-

sion to provide for a storm sewer improvement district
and to designate it by a letter, number or name to dis-
tinguish it. The statute also provides that it shall be
sufficient to refer to such districts by their special des-
ignation thus given, together with a general description
of the location of the improvement by terminal points
and routes. In this case the improvement district was
designated as "Storm Sewer Improvement SR-211" and
the notice showed the general description and location of
the improvement, as well as referred to the fact that
detailed "plans and specifications and estimates of cost
of it" were on file with the City Clerk for purposes of
more detailed information.

By the form of notice published, appellant was charged
with notice that a storm sewer improvement district des-
ignated as SR-211 was being proposed along N. E. 4th
Avenue from N. E. 26th Street to N. E. 27th Street, in
the immediate proximity to appellant's property, which
improvement district had been designated as No. SR-211,
and that detailed information in the form of specially
prepared data, estimates, plans and specifications of same
were on file with the city clerk and subject to inspection
there. · This was all that the charter provision required
and all that appellant under the law was entitled to have
done in order to make the notice binding upon him. The
fact that the assessment roll was not published is im-
material, because the charter in this case did not require
that such assessment roll be published, nor was such pub-
lication of the assessment roll essential, unless the statute
required it, as a matter of statutory procedure, although
such publication is often required by the special statutes
dealing with this class of local improvements.

If the property owner had notice (and in this case we
have held that he did have), his only method of ques-
tioning any error or irregularity in the proceedings was

by filing objections before the City Commission, and if overruled there, by filing his special appeal to the Circuit Court, in the manner provided by the charter.

Where a property owner has an opportunity given him, under a statute providing for special assessments for local improvements, to appear and contest the question before the local authorities whose duty it is to pass upon objections, their determination on the subject of benefits is final, and if he fails to avail himself of the opportunity provided by the statute, he thereby admits the finality of the determination, and is estopped to raise the question in subsequent proceedings, such as by suit in equity to enjoin the enforcement of assessments which have become conclusive under the statute. Note, 9 A. L. R. page 698, cited by this Court in Abell vs. Boynton, 95 Fla. 984, 117 Sou. Rep. 507.

From what has been said, it follows that the ruling of the Chancellor was correct and that the decree appealed from should be affirmed, and it is so ordered.

Affirmed.

BUFORD, C.J., AND WHITFIELD AND TERRELL, J.J., concur.

ELLIS, J., not participating.

BROWN, J., dissents.