CITY OF NEW SMYRNA v. CERTAIN LANDS UPON WHICH SPECIAL ASSESSMENTS ARE DELINQUENT, *et al.*

176 So. 57.
Division A.
Opinion Filed May 20, 1937.
Rehearing Denied June 16, 1937.

544

*Francis P. Whitehair* and *Hull, Landis & Whitehair,* for Appellant;

*Rasco & Gautier,* for Appellees.

BUFORD, J.—The appeal is from order quashing the process in a suit instituted by the City of New Smyrna in Volusia County, Florida, to foreclose certain special assessment liens which had become delinquent. There is no contention that the liens sought to be foreclosed were not entirely valid. It is the contention of appellant that the notice was sufficient to advise all land owners and interested parties of the pendency and purpose of the suit and to give them opportunity to appear therein and contest the same.

The appellees specifically state that it is the contention of the appellees that the notice is not sufficient because in the description of the land as it appears in the notice there is a failure to designate the State and County in which the land is located. In this suit the question of the validity of a tax assessment is not involved. The only question is:

"Was the notice published to and received by the appellees sufficient to advise them that certain described lands situated in the City of New Smyrna, Volusia County, Florida, were about to be subjected to sale to satisfy a lien for the non-payment of taxes?"

Notice was in the following form:

"In the Circuit Court, in and for Volusia County, Florida.

"In Chancery.

"City of New Smyrna, a Municipal Corporation organized and existing under the laws of the State of Florida,
    "Plaintiff,
    "v.

"Certain Lands Upon Which Special Assessments Are Delinquent,
    "Defendant.

"To All Persons and Corporations Interested in or Having Any Lien or Claim Upon Any of the Lands Described Herein:

"You are hereby notified that City of New Smyna, Volusia County, Florida, has filed its bill of complaint in the above named court to foreclose delinquent special assessments with interest and penalties upon the parcels of land set forth in the following schedule, the aggregate amount of such special assessments, interest and penalties against said respective parcels of land, as set forth in said bill of complaint, being set opposite such parcels in the following schedule, to-wit:"

Then follows descriptions of properties and, amongst other descriptions, are the following:

"Lot 2, Sub. in Block B, Laws & Lovejoy's Sub. in New Smyrna, $247.91.

"Lot 3, Sub. in Block B, Laws & Lovejoy's Sub., New Smyrna, $247.91."

After like descriptions of various lots there is the following:

"In addition to the amounts set opposite each parcel of land in the foregoing schedule, interest and penalties as

provided by law, on such delinquent special assessments, together with a proportionate part of the costs and expenses of this suit are sought to be enforced and foreclosed in this suit.

"You are hereby notified to appear and make your defense to said bill of complaint on or before the 3rd day of August, A. D. 1936, and if you fail to do so on or before said date the bill will be taken as confessed by you and you will be barred from thereafter contesting said suit and said respective parcels of land will be sold by decree of said Court for non-payment of said special assessment lien with interest and penalties thereon and the costs of this suit.

"In Witness Whereof, I have hereunto set my hand and affixed the official seal of said Court, this 22nd day of June, 1936."

The notice advises that the City of New Smyrna, Volusia County, Florida, has filed a bill of complaint in the Circuit Court in and for Volusia County, Florida, to foreclose delinquent special assessments with interest and penalties upon parcels of land as set forth and advises the amount of the assessment. Each description refers to the land as being in New. Smyrna.

It appears to us that the contention of appellees and which was sustained by the court below, is that each description should have included the additional words "in Volusia County, Florida." We do not think the contention is tenable.

The suit is brought to foreclose a lien created under the provisions of Chapter 10947, Acts of 1925. Section 4 of the Act provides:

"In such notice the name of the owner or owners, or other persons interested in said lots, need not appear, but only such description of said lots as to make them capable of identification should be necessary."

Appellee contends that the order appealed from is correct on authority of the case of Hetch, *et al.,* v. Shaw, *et al.,* 112 Fla. 262, 151 Sou. 333. That case is not in point. In that case the lands involved were situated in Coral Gables, Florida, and the notice which was held insufficient, was published in a newspaper in Tallahassee, Florida, and advised that lands would be sold for the non-payment of tax in the sum of sixty-three cents. There was no showing that there was a remote possibility that the owner of the land would ever receive the notice. In this case the notice was published in a newspaper in the County where the lands were located. It advised specifically that the City of New Smyrna, Volusia County, Florida, has filed its bill of complaint as above stated. It described the lands in New Smyrna which could only be construed to mean that same New Smyrna which had filed the bill and which the notice advised was located in Volusia County, Florida. The landowner received the notice and appeared for the purpose of contesting its sufficiency. In Escott v. City of Miami, 107 Fla. 273, 144 Sou. 397, we held:

"Where notice is given property owner and full opportunity is afforded him to be heard on merits of proposed assessment, proceedings constitute due process of law."

And in the same case it was also held:

"Notice to landowner in special improvement proceedings must disclose to persons of ordinary intelligence in general way what is proposed and time and place of hearing."

In City of Coral Gables v. Certain Lands upon which taxes are delinquent, *et al.,* 110 Fla. 189, 149 Sou. 36, we held in effect that due process of law consists of appropriate procedure duly prescribed, fair notice and reasonable opportunity to be heard. The notice in this case meets those

requirements. The procedure is authorized under the provisions of Chapter 15038, Acts of 1931.

The motion to quash carries on its face the conviction of sufficiency of the notice. Grounds 5 and 6 of the motion to quash are the only grounds insisted upon and are as follows:

"5. The said property in the publication is not legally and sufficiently described to perfect service thereon.

"6. There is no showing either in the alleged service or in the publication that the property involved herein lies within the jurisdiction of this Court, and that the Court has any jurisdiction thereof."

Then the motion closes with this language:

"The property involved, for which this special appearance is made, is:

"Lot 2, Sub. in Block B, Laws & Lovejoy Sub. at New Smyrna.

"Lot 3, Sub. in Block B, Laws & Lovejoy S. at New Smyrna.

"And such other property involved in this suit, in which the Berger estate may be interested," thereby showing that the notice was entirely sufficient to advise these owners to appear and answer the bill of complaint.

For the reasons stated, the order appealed from is reversed and the cause remanded with directions that further proceedings be had in accordance with law and the rules of practice.

It is so ordered.

ELLIS, C. J., and TERRELL, J., concur.

BROWN and DAVIS, J. J., concur in the opinion and judgment.