LUCILE HARRIS, *et al.*, v. CITY OF SARASOTA.

181 So. 366.
Opinion Filed May 14, 1938.

N. G. & John Fite Robertson, Stephen B. Jennings, Glover Ashby and J. Douglas Arnest, for Appellants; Williams & Dart, for Appellee.

572

PER CURIAM.—This appeal is from an order denying a motion to vacate, on the theory that they are void, a final

decree of foreclosure, sale, confirmation and deed made in *in rem* proceedings against lands for the enforcement of delinquent municipal tax payments. The sale ordered by the final decree was made and also confirmed by the Court. No appeal was taken from the final decree. The proceedings are *in rem* under the statute.

Taxation is essential to the maintenance of sovereign government and the law charges property owners with notice of the operation of tax laws. Where taxes are not paid when due under the law, and judicial proceedings *in rem* are duly invoked to enforce tax payments, those owning the title to, or any interest in, the property proceeded against, whether resident or non resident, are bound by the *in rem* decree rendered, *when the notice* of the proceedings required by law to be given, is, under the law, actually or constructively given to such owners by any *authorized* means that is sufficient to satisfy the organic requirements for due process and equal protection of the laws.

An action *in persona* requires *service of process* upon, or the waiver of service or appearance in the cause by, resident defendants; and requires *authorized constructive service of process* by publication or otherwise or waiver of service or appearance in the cause, in order to acquire jurisdiction to proceed in the cause against such defendants respectively.

An action *in rem* requires seizure or its equivalent of property within the jurisdiction of the court and the giving of *prescribed* reasonable and fair notice of the action against described property and of the date and place of hearing, in order to proceed against the property described in the notice. See State, *ex rel.,* v. Smith, 126 Fla. 72, 170 So. 440; City of Miami v. Certain Lands, 126 Fla. 781, 171 So. 798.

An action quasi *in rem* requires a seizure of property within the jurisdiction of the court or its equivalent and *service of process* or its waiver, or appearance in the cause, by resident defendants, *and duly authorized constructive service of process* by publication or otherwise, or waiver of service or appearance in the cause, in order to acquire jurisdiction to proceed in the cause against such defendants respectively, as well as against the property.

The law recognizes varying conditions in human affairs and makes many additional supplementary and exceptional provisions as to acquiring jurisdiction of defendants in actions at law and in equity and other judicial proceedings. 1 Am. Jr. 436; 1 C. J. 929, 1041; Corpus Juris Secundum p. 943, 1148, 1151. See Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Freeman v. Alderson, 119 U. S. 185, 7 Sup. Ct. 165, 30 L. Ed. 372; Ontario Land Co. v. Yordy, 212 U. S. 152, 29 Sup. Ct. 278, 53 L. Ed. 449; 24 C. J. 1172-5.

This judicial proceeding to enforce the collection of taxes is *in rem*. City of Coral Gables v. Certain Lands Upon Which Taxes Are Delinquent, 110 Fla. 189, 149 So. 36. See also City of New Smyrna v. Certain Lands, 128 Fla. 543, 176 So. 57; West 132 Ft. v. City of Orlando, 80 Fla. 229, 91 So. 369; City of Miami v. Certain Lands, 126 Fla. 781, 171 So. 798.

In statutory provisions duly authorizing *in rem* proceedings, it is not necessary to expressly denominate them as being *in rem*, when, as here, they are in fact and in law *in rem* against lands for delinquent taxes. Nor is it essential in such cases for the statute, "by special language, to obviate the necessity of serving resident defendants with summons in chancery," particularly when the statute prescribes a sufficient notice to be served on the defendants "to give the court jurisdiction over the parties to said bill, both known and unknown, and the subject matter thereof." If

adequate notice to defendant is provided for, it is not material that the notice is also required to be posted at the front door of the court house of the county wherein the land is located. Nor is it necessary for the statute to require the bill of complaint to contain the names of mortgagees or other lien holders, upon the lands, when the proceeding is *in rem* and the statute specifically requires the bill to contain "the name of the owner thereof, or the person to whom last assured." Fleming v. Fleming, 130 Fla. 264, 177 So. 607. The notice given to defendants as required by the statute affords due process of law. City of Coral Gables v. Certain Lands, 110 Fla. 189, 149 So. 36; City of Miami v. Certain Lands, 126 Fla. 781, 171 So. 798.

The due publication of the required sufficient notice to defendants having been made and adequate proof thereof having been made, the mere fact that the Clerk's certificate as to mailing copies to the defendants, may be defective, and not "sufficient proof," if taken alone, of the fact of due mailing of notice under the statute, that does not on this appeal from an order refusing to vacate the final decree, show a lack of jurisdiction of the court over defendants in the foreclosure decree. There is some evidence that notices were duly mailed and there is nothing to show the contrary. That is sufficient on this appeal. No appeal was taken from the final decree.

Affirmed.

WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.

ELLIS, C. J., not participating.