HORTON, Judge.
This was a class action brought by ap-pellees to enjoin the collection of certain storm sewer assessments imposed by the City of Miami on land owners in an area ■designated as District SR-317, and to nullify the assessment proceedings. The chancellor, upon a hearing of motions for summary judgment made on behalf of the respective parties, granted the motion of the ■appellees and entered a final decree thereon, finding that the formation of the storm ■sewer district was ineffective because the notices given pursuant to the city charter were insufficient as a basis for obtaining jurisdiction of the property or the persons ■of the owners within the district sought to be assessed. The court held that the proceedings relating to the assessment were ■null and void and that no valid liens were ■imposed against the properties of the ap-pellees.
A chronological statement of the actions of the appellant leading up to this litigation ■we think would be beneficial in determining the questions posed. On April 15, 1951, the appellant-city adopted resolution No. 23346, ordering local improvements pursuant to § 56 of the city charter, for the installation of storm sewers in an area designated as District SR-317, and described certain property which it deemed would be especially benefited by such improvements. Thereafter, on April 25, 1951, a notice of public hearing on said resolution was published in a newspaper of general circulation, and, on May 5, 1951, a hearing pursuant to said notice was had. On August 1, 1951, resolution No. 23601 was adopted confirming the resolution of April 15, 1951, aforesaid. Subsequently, and on March 5, 1952, resolution No. 24220 was adopted, which called for bids to be submitted for the proposed improvements, and on March 12, 1952, advertisements for such bids were published. On April 2, 1952, bids were received, and resolution No. 24379 was adopted on April 16, 1952, accepting one of the bids. Work was commenced on the improvements on or about May 5, 1952, and completed March 5, 1953. On April 1, 1953, resolution No. 25433 was adopted, calling for the publication of notices to the public of a hearing on objections to the acceptance of the storm sewer improvements, and pursuant to said resolution, public hearing on the acceptance was had on April 15, 1953. On May 6, 1953, the appellant adopted resolution No. 25506, which, in effect, was an acceptance of the work performed by the successful bidder and directed final payment of the balance due on the contract. On October 24 and 31, 1956, respectively, public notices to property owners were published, directing interested parties to take notice that the city commission of the appellant would convene to hear objections to the confirmation of a preliminary assessment roll for the cost of the construction of the storm sewer improvements as they affected the property previously described in resolution No. 23346. Public hearing pursuant to this notice was had on November 7, 1956, and thereafter, the appellant adopted resolution No. 28741, *26 which confirmed the preliminary assessment roll against all affected property. This action was instituted on June 20, 1957.
The basic contention of the appellees in the court below was the insufficiency of notice to the landowners under § 56 of the charter of the City of Miami, Chapter 10847, Laws of Florida, 1925. Inherent in this contention and specifically stated was the alleged denial of due process to the appellees guaranteed by the Fourteenth Amendment to the Federal Constitution, as well as a denial of equal protection under the law. Prior to the entry of the final decree and the hearing on the respective motions for summary judgment, the chancellor had granted a motion of the ap-pellees to strike certain portions of the appellant’s answer which related to the alleged failure of the appellees to comply with the procedural requirements for review contained in § 56 of the city charter, and the appellant’s alleged compulsion to act under direction of the State Board of Plealth in ordering the construction of the improvements. This order, in effect, decided the question of due process and specifically found that the procedure outlined in § 56 of the charter was ineffective as notice to appellees under the due process clause of the Federal Constitution. The final decree, from which this appeal is taken, confirmed that position.
There is no contention here by the ap-pellees, nor was there such contention in the court below, that the appellant had not followed the notice requirements or other procedures prescribed by the city charter. However, appellees insisted that such notice was insufficient to constitute due process so as to subject the persons, as well as the property, to valid liens. The appellant’s position, of course, is to the contrary. Appellant contends that the notice, as well as the method of imparting such notice, was pursuant to the statute prescribing the same and is constitutional. Collateral questions as to benefits or the lack thereof, as well as the alleged failure of the appellees to pursue the proceedings for review as provided by the charter, were raised by the pleadings in the court below, but were not decided by the chancellor in the final decree.
The particular section (§ 56) of the charter of the appellant has been the subject of prior litigation before the Supreme Court of this state. In Escott v. City of Miami, 107 Fla. 273, 144 So. 397, this specific section, as well as the particular point involved in the case at bar, was discussed and decided. In that case the court said (144 So. at page 399):
“If the property owner had notice, and in this case we have held that he did have, his only method of questioning any error or irregularity in the proceedings was by filing objections before the city commission, and, if overruled there, by filing his special appeal to the circuit court, in the manner provided by the charter.
“Where a property owner has an opportunity given him, under a statute providing for special assessments for local improvements, to appear and contest the question before the local authorities whose duty it is to pass upon objections, their determination on the subject of benefits is final, and, if he fails to avail himself of the opportunity provided by the statute, he thereby admits the finality of the determination, and is estopped to raise the question in subsequent proceedings such as by suit in equity to enjoin the enforcement of assessments which have become conclusive under the statute.” (Emphasis supplied.)
The same question of notice and the sufficiency thereof was specifically dealt with by the Supreme Court again in City of Miami v. Ganger, Fla.1957, 101 So.2d 116, appeal dismissed 359 U.S. 64, 79 S.Ct. 647, 3 L.Ed.2d 634. The court there restated its holding in the Escott case quoted hereinabove. In the latter case, the court was unanimous as to the sufficiency of the notice, but was divided on the question of *27 the validity of an assessment for resurfacing city streets.
The foregoing authorities are so persuasive on the point involved as to render further discussion superfluous.
Accordingly, the decree appealed from is reversed and the cause remanded with directions to dismiss the complaint.
Reversed and remanded with directions.
CARROLL, CHAS., C. J., and STURGIS, WALLACE E., Associate Judge, concur.