GOLDENBERG, RENEE, Associate Judge.
The Village of Tequesta [Tequesta] appeals from a final order denying injunctive relief to permanently enjoin the Loxahatchee River Environmental Control District [Eneon] firón constructing a sewer system; declaring specific agency rules constitutional; and finding portions of plaintiffs complaints ’are time barred.
The trial court did hot address whether Encon’s creation through a special act barred the imposition of ten-day time limitations on filing actions pursuant to Article III, Section 11(a)(7), Florida Constitution, when it declared specific agency rules constitutional and found portions of Tequesta’s complaints are time barred therefore. We reverse the court’s ruling as to this.
Tequesta is a municipal corporation. In 1971, the Florida legislature, under Chapter 71-822, Special Acts of Florida, created En-eon. Eneon has jurisdiction in northeastern Palm Beach County and southeastern Martin County. Encon’s charter gives it power “[t]o construct, acquire and operate water systems and sewer systems separately or as a system.” Ch. 78-559, § 6(3), at 212, Laws of Fla. It also has power “[t]o prohibit the use and maintenance of outhouses, privies, cesspools and septic tanks, or similar devices....” Ch. 71-822, §.6(10), at 1418, Laws of Fla. In 1973, Tequesta transferred its sewer facilities to Eneon, then adopted the agreement as “Ordinance 209.”
Eneon adopted its first administrative rules in 1975. In 1982, it adopted rule 31-11.004, Florida Administrative Code:
Interested and substantially affected .parties shall make any objections to the resolution of the Governing Board or the assessment roll submitted in writing to the District either prior to or at the time of the respective meetings as set forth in Rule 31-11.003. Any objections not so made shall be considered waived, and confirmation of said resolution or assessment roll shall be deemed final, unless proper steps be taken with ten (10) days to secure relief from a court of competent jurisdiction.
[Emphasis added.]
The authority for this rule is section 6(12) of Eneon’s charter:'
All objections to any such resolution on the ground that it contains items which cannot be properly assessed against property, or that it is, for any default or defect in the passage or character of the resolution or the plans and specifications or estimate, void or voidable in whole or in part, or that it exceeds the power of the governing board, shall be made in writing, in person or by attorney, and-filed with the governing-board at or before the time or adjourned time of such hearing. Any objections against the making of any improvement not so made shall be considered as waived, and if an objection shall be made and overruled or shall not be sustained, the confirmation of the resolution shall be the final adjudication of the issues presented unless proper steps shall be taken in a court of competent jurisdiction to secure relief within 10 days.
Ch. 79-429, § 6(12)(e), at 284, Laws of Fla. [Emphasis added.]
Over the next fourteen years or so, reports were commissioned and completed, and numerous public hearings, meetings and workshops were held regarding the proposed sewer system. Beginning July 18, 1996, Eneon contracted for a portion of the sewer system and approved various resolutions to proceed with the assessment. In January 1997, En-eon contracted for another pprtion of the sewer project. Over the years, Tequesta *1102 opposed and questioned the project. It filed a petition, now pending, for an administrative hearing challenging the Palm Beach County Health Department’s approval of a notice of permit issuance to Eneon for the sewer system. In May 1997, Tequesta filed suit in circuit court. -
The trial court ruled in part that:
Rule 31-11.004, F.A.C., and the Encon Charter section 6.12(e) upon which this rule is based, are constitutional to the extent that it [sic] states that objections to an Encon resolution or assessment roll are waived unless proper steps are taken within ten (10) days to secure relief from a court of competent jurisdiction. The general statute of limitations of four (4) years claimed by Tequesta is not applicable.
Tequesta appealed the entire ruling of the trial court and raised seven issues. Regarding the above ruling, Tequesta argues that the trial court erred in ruling that rule 31-11.001 was constitutional, thus barring its attack on .two resolutions [the resolutions to construct sewers and the payment of special assessments in two Tequesta locations], Te-questa maintains that Rule 31-11.004 is a special law which imposes a ten day statute of limitations governing when a party may file suit to challenge a resolution or assessment roll, violative of Article. Ill, Section 11(a)(7), Florida Constitution, <■ prohibiting special laws from imposing statutes of limitation on court actions.
Tequesta has raised a legal question as to the constitutionality of Encon’s rule. As such, the standard of review is whether the trial court correctly decided the issue. Holland v. Gross, 89 So.2d 255 (Fla.1956).
Encon and its charter were enacted through a special act in 1971; additionally, Encon admitted that this particular rule was a special lavf. See Housing Auth. v. City of St. Petersburg, 287 So.2d 307, 310 (Fla.1973) (a “special law” is defined as “[a] statute relating to particular persons or things or other particular subjects of a class.... ”).
Article III, Section 11(a)(7), Florida Constitution, states “[Tjhere shall be no special law or general law of local application pertaining to: conditions precedent to bringing any civil or criminal proceedings, or limitations of time thereof.”
There is little case law specifically interpreting this constitutional section, which was enacted in 1968. Burgess v. Miller, 492 F.Supp. 1284, 1288 (N.D.Fla.1980), ruled that section 11(a)(7) barred a twelve month statute of limitations found in a 1937 special act pertaining to actions brought against the city of Tallahassee. Burgess relied upon Skinner v. City of Eustis, 147 Fla. 22, 2 So.2d 116 (1941). The Skinner court found invalid a 1913 special act providing that causes of action against the city of Eustis had to be brought within six (6) months of accruing. That court relied upon Article 3, Section 20 of the 1885 constitution, which prohibited special laws that regulated the practices of courts of justice (except for municipal courts). Skinner, 2 So.2d at 116. In Whitman v. City of North Miami, 223 So.2d 105, 107: (Fla. 3d DCA 1969), the only ease after 1969 relied upon by Encon, no constitutional question was explicitly raised and a general, not a special, law was involved.
The trial court cites Escott v. City of Miami, 107 Fla. 273,144 So. 397 (1932), in which different constitutional powers were available at that time. Based on the plain wording of the 1968 constitutional provision and Encon’s creation by special act in 1971, we find that the trial court erred in barring Tequesta’s objections to the two resolutions and ruling that the general four year statute of limitations as to special assessments applied, and therefore we reverse.
The trial court awarded Eneon attorney’s fees. Eneon did not plead entitlement or file a motion requesting attorney’s fees. There is no entitlement under 57.105, Florida Statutes. We reverse this award.
In all other respects, and as to the other five issues raised, the judgment is affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.
GLICKSTEIN and POLEN, JJ., concur.