780 So.2d 198 (2001)
COSTCO WHOLESALE CORPORATION, a Washington Corporation, Appellant,
v.
ORANGE COUNTY, a political subdivision of the State of Florida, ABC Liquors, Inc., and Issa Saffar, d/b/a Liquor Plus, Appellees.
No. 5D00-1728.
District Court of Appeal of Florida, Fifth District.
February 2, 2001.
*200 Scott A. Glass of Shutts & Bowen, LLP, Orlando, for Appellant.
James F. Page, Jr., and G. Robertson Dilg of Gray, Harris & Robinson, P.A., Orlando, for Appellee, Orange County.
John F. Bennet of Fishback, Dominick, Bennett, Stepter, Ardaman, Ahlers & Bonus, Orlando, for Appellee, ABC Liquors, Inc.
PLEUS, J.
This case involves the balance between a landowner's constitutionally protected property rights and the police powers of a county.
Costco constructed two membership warehouse clubs in unincorporated Orange County. It sought to transfer two of its package store liquor licenses to these new locations. Both warehouses are less than 5,000 feet from existing package stores. Orange County has had an ordinance since 1955 prohibiting a package store from operating within 5,000 feet of another package store. A package store is defined in the ordinance to be an establishment which sells beer, wine and liquor for off site consumption.
In October of 1999, the Orange County Zoning Department proposed to the Planning and Zoning (P & Z) Commission that the portion of the ordinance with the distance restriction on package stores be repealed on the basis that it furthered no public health, safety, moral or welfare purpose.[1] According to the Zoning Department's presentation to P & Z, the greatest distance separation outside Orange County is in Dade County, where the distance is 1,500 feet. It noted that the current 5,000 foot separation requirement is "extreme when compared to other jurisdictions." The Zoning Director noted in his presentation that the regulation advances no particular zoning purpose but only serves to keep new package stores from locating within three square miles of long-established stores.[2] The Sheriff's Office of Orange County reported that no problems would be created by a repeal of the restriction.
P & Z recommended to the Board of County Commissioners (BCC) that the restriction be repealed, but the BCC, for unexplained reasons, never acted on the recommendation.
After the BCC failed to act on the P & Z recommendation, Costco sought a variance from Orange County which was denied. The transcript of the variance hearing before the BCC is enlightening because it clearly shows the main motivation for refusing to grant the variance was the economic protection of existing package stores owned by the interveners. The entire focus of the hearing was on the economic impact the variance might have. For example, Commissioner Mary Johnson stated, "So, you know, we do have concerns. I do because we do have retailers here that have liquor licenses and they are local people and I think we should support them." Commissioner Bob Freeman expressed his motivation this way: "We have business owners here that have abided by that distance, that also have expressed reservations about how it affects their property." *201 Commissioner Edwards stated, "I think it would be unfair to the others who have complied with the ordinance over the years to unilaterally change that on a variance and allow Costco to go in.... We need to safeguard those who have licenses and maybe perhaps allow others to go into these areas if they have consent of the license holder." Apparently three of the commissioners wanted to ignore the restriction and allow a constitutionally-protected property right if the "local people" would agree.
After denial of the variance requests, Costco filed for declaratory and injunctive relief, asserting the regulation was arbitrary and capricious, and requesting the ordinance be declared unconstitutional. The parties stipulated that the only issue of law to be determined was "whether the County's imposition of a 5,000 foot separation distance between package goods stores is a constitutional exercise of the police powers."
Our standard of review is de novo because the only question before us is the facial validity of the ordinance. See Village of Tequesta v. Loxahatchee River Environmental Control Dist., 714 So.2d 1100 (Fla. 4th DCA 1998).
We start with the presumption of constitutionality and the general rule that courts should try to uphold the constitutionality of the enactment when lawfully possible to do so. See Kane v. Robbins, 556 So.2d 1381 (Fla.1989). Despite this presumption, the constitutional right of property owners to make legitimate use of the property "may not be curtailed by unreasonable restrictions under the guise of police power." See Burritt v. Harris, 172 So.2d 820, 823 (Fla.1965). If the regulation "exceeds the bounds of necessity for the public welfare," it must be "stricken as an unconstitutional invasion of property rights." Id.
While the right to zone is inherent in the county's police power, the United States Supreme Court held in Village of Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 395, 47 S.Ct. 114, 71 L.Ed. 303 (1926) that if such zoning has "no substantial relation to the public health, safety, morals, or general welfare," the ordinance should be declared unconstitutional. Our Florida courts have followed this rule as well. See Davis v. Sails, 318 So.2d 214, 222 (Fla. 1st DCA 1975) [quoting City of Miami Beach v. Lachman, 71 So.2d 148 (Fla.1953)]. Thus, when a zoning regulation is challenged, it is the first duty of the court to determine whether the challenged ordinance bears a substantial relationship to the public health, safety, morals or welfare. If it does not, the trial court should look no further as the regulation is unconstitutional.
The substantial relationship rule is substantive law. It may be simply stated as follows: In order for a regulation to be valid, the regulation must have "some substantial relationship to the promotion of the public health, safety, morals or general welfare." Davis, 318 So.2d at 218. Put differently, a zoning ordinance is invalid if it discloses no purpose to prevent some public evil or fill some public need.
As noted in Davis, the substantial relationship rule should not be confused with the "fairly debatable" rule, which is a rule of procedure or application and applies to the application of an otherwise constitutional ordinance. Id. at 216. The fairly debatable rule may be stated as follows: If the application of a regulation "to a specific parcel of property is reasonably subject to disagreement, that is, if its application is fairly debatable," then the regulation as applied must be upheld. Id. at 217.
At the trial, the court received into evidence the transcript of the pertinent P & Z and BCC hearing and heard testimony from the former Planning Director for Orange County, Ed Williams. Williams was called as an expert witness by the intervenor, ABC Liquors, in an effort to bolster the argument that the County need *202 only identify at least one legitimate governmental interest which the regulation is designed to protect. Once identified, argued ABC Liquors, the court should then determine whether there is a rational relationship between the goal of protecting that interest and the method being enacted to achieve the goal.
Williams testified that Orange County is a tourist mecca with over 8,000 acres zoned commercial in close proximity to residential property.[3] Next, he stated it is a legitimate government interest to preserve property values. He then opined that putting a package store near a residence reduces the value of the resident's property. The argument is not a correct application of the rational relationship test because, as noted above, it fails to address the issue of whether the restriction exceeds the bounds of necessity for the public welfare. Burritt, 172 So.2d at 823. Additionally, such testimony is pure speculation and insufficient to establish any rational relationship between the regulation itself and its relationship to health, safety and general welfare.
The only testimony offered to support the argument that the regulation has some substantial relationship to health, safety and general welfare was Williams' opinion that people might consume alcohol in the parking lot, get intoxicated, get in fights, and then drive away. He did not, however, provide statistics or facts from law enforcement to support this possibility. Such opinion testimony without factual support does not rise to the level required to tip the balance in favor of the County's police power. Indeed, the Orange County Sheriff's Office told P & Z that repeal of the regulation presented no problems.
In a weak effort to give factual support for his opinion, Williams mentioned that he was familiar with a problem at one location in Ocoee, where ABC Liquors operates both a package store and lounge with a 4COP license which permits sale and consumption both on and off-site. Williams, however, admitted on cross-examination that package stores are not inherently "evil or derogatory to the community." Again, Williams failed to set forth facts which would show that the 5,000 foot restriction does not exceed the bounds of necessity for the public welfare. See Burritt.
The unsupported opinion of Williams ignores the uncontroverted evidence in the record that the challenged regulation bears no substantial relationship to public health, safety, morals and welfare and as such, was arbitrary and capricious. Indeed, the record clearly shows that the main reason for the ordinance is the economic protection of existing package stores. Zoning regulations may not be imposed for the purpose of providing economic protection for only a few. It has not been established that the regulation here imposed bears substantially on the public health, morals, safety or welfare of the community.
We now turn to the stated rationale for the trial court's determination of facial validity. Judge Hauser took judicial notice that alcohol is a harmful and heavily regulated product, and from that premise reasoned that, inasmuch as Orange County can ban alcoholic sales completely, it logically follows the County can set any distance between stores it chooseseven 10,000 feet or more. Such a rationale does not mean, however, the County is free to choose a lesser regulation and ignore whether such lesser regulation is substantially related to a legitimate government goal. While the County may have the power to ban alcoholic products completely, the ban, or any ban for that manner, must have a reasonable relationship to public health, morals and welfare. When the lesser regulation impacts constitutionally-protected *203 rights, the government still carries the burden of demonstrating the reasonable relationship. In this case, the record below fails to meet that burden.
Further, if Orange County were to ban alcohol completely, everyone would be treated the same. However, if Orange County permits some vendors to sell alcoholic beverages, then it must permit all citizens to have an equal right unless there is a reason substantially related to the public health, safety, morals and welfare of the community which justifies unequal treatment under the law. Equal protection of the governed is the bedrock of constitutional government. Without it, government fails.
The trial court next concluded that the regulation, as a matter of law, and on its face, has some substantial relationship to the public welfare. It arrived at this conclusion by giving too much deference to the fact that alcohol is a "vice" product and needs regulation. The United States Supreme Court has noted that just because a product is a "vice" product or otherwise heavily regulated, it does not mean the states are free to regulate a legal product in such a manner as to trample organic constitutional rights. See 44 Liquormart, Inc. v. Rhode Island, 517 U.S. 484, 116 S.Ct. 1495, 134 L.Ed.2d 711 (1996).
While we generally agree with established case law that courts should not invade the authority of elected officials absent a paramount constitutional right and duty, we believe this case represents an exception and presents a situation in which there exists both a right and a duty for this court to hold the regulation unconstitutional.
We reverse the trial court's order and direct that a judgment be entered declaring the 5,000 foot separation distance between package goods vendors in Orange County Zoning Code Section 38-1414 to be arbitrary, capricious and therefore unconstitutional.
ORDER REVERSED; REMANDED IN ACCORDANCE WITH THIS OPINION.
THOMPSON, C.J., concurs.
HARRIS, J., concurs and concurs specially, with opinion.
HARRIS, J., concurring and concurring specially:
If you accept the majority's premise, as I do, that all similarly situated persons are equal under the law and must be treated alike[1] and, therefore, that all citizens (natural persons or corporations) located within the same zoning classification should have the same right to apply for a license authorizing the off-site sale of liquor as the XYZ Liquor Store located two blocks away unless the zoning prohibition has a substantial relationship to the public health and safety, then you will agree that the only question that should have concerned the trial judge is whether the reasons discussed in the record meet the substantial relationship test.
In establishing that the 5,000 foot restriction has a substantial relationship to public health or safety, it is not sufficient to chant "substantial relationship" or "police power." Slogans and catch-words will not justify the government's disparate treatment of its citizens. The facts, not the mantra, must justify the 5,000 foot requirement. What justification was urged herein by the current licensee's expert?
(1) Because the zoning which permits the sale of liquor is so extensive, a less than 5,000 foot restriction would permit too many licenses.
There was no showing in this record that the number of liquor outlets alone would have an adverse effect on the public health or safety of Orange County. Although a more convenient supply might *204 marginally affect the demand, it is more logical to assume that the demand of the same market population would merely be met by the more convenient outlets. In other words, the new outlets would take a portion of the market share from existing licensees. This is insufficient justification to support the unequal treatment of similarly situated Orange County citizens.
(2) Because people tend to congregate and drink alcohol in a licensee's parking lot, people become unruly and fights occur; therefore, according to the current licensee's expert, a 5,000 foot barrier between licensees would lessen this problem.
This "reason" has no support in logic. Indeed, by reducing the people who might congregate in a single parking lot by providing a competitor two blocks away, the problem might be lessened. A new licensee 500 feet down the road should have the effect of lowering the number congregating in that particular licensee's lot and thus reduce the risks of fights. But more importantly, an off-premises consumption license means that the licensee is responsible to see that no drinking occurs on the premises. The parking lot is part of the premises. If drinking and fighting occur in a particular parking lot, this would be justification for revoking the owner's license. It does not justify denying a more responsible citizen two blocks away equal treatment before the law. This reason fails the substantial relationship test.
(3) The increased risk of intoxicated drivers.
While this "reason" is more closely related to the policy decision of permitting the sale of alcoholic beverages in the first instance, let's examine it in this context. First, if we assume that everyone will follow the law, a less than 5,000 foot limitation should have no effect on the number of drunk drivers. The consumer should not drive intoxicated to a liquor store; even if he does, the licensee should not sell liquor to an intoxicated customer and the consumer should not be permitted to drink on premises nor should he have an open container in his vehicle on the way home. But even if we assume that everyone will not obey the law, repealing the 5,000 foot limitation will have a positive rather than a negative effect on the problem. All consumers within the mile radius of an existing licensee, assuming they are interested in convenience, will travel to their nearest central licensee's premises. Those intoxicated consumers living at the outer edge of the protected area must therefore drive drunk for a mile to the liquor store and a mile back. Whereas, if there is a liquor store 500 feet away, the consumer might well walk for his liquor. In any event, his drive will be less, reducing the risk of an alcohol related accident. It is not the location of one liquor store in relation to another that causes, encourages or permits drunk drivers. This reason does not justify the County granting preferential treatment to only some of its citizens, perhaps politically generous ones.
(4) Finally, the 5,000 foot restriction protects residential property values.
The 5,000-foot restriction has no relation to residential values whatsoever. Any existing licensee can be located, and any new licensee can locate, as close as 100 feet to a residence. If residential property value is of concern to the County, then requiring a reasonable distance between liquor stores and residential neighborhoods would be the appropriate action, not protecting the competitive markets of existing licensees. In this context, even crocodile tears for homeowners does not justify denying equal standing before the law for all of Orange County citizens similarly situated.
Courts have historically upheld zoning distance restrictions relating to the sale of liquor. The previous supreme court decisions seem to focus on the question whether the zoning entity has the authority to enforce distance restrictions. The supreme court has uniformly held that such authority exists. But here the question is not whether distance restrictions can, under *205 proper standards, be validly enacted. Here, the question is whether the 5,000 foot restriction imposed by Orange County actually has a substantial relationship to public health and safety. The bottom line is that it does not.
If the courts find a substantial relationship exists between a 5,000 foot limitation and the public health and safety merely because the county chants "police power" without a factual basis to support it or, as in this case, because the trial judge believes that the showing of such a substantial relationship is unimportant because the power to exclude the sale of liquor includes the unlimited power to exclude similarly situated citizens from consideration in determining who can sell it, then equality before the law, the bedrock of all citizens' rights as discussed by the majority, becomes as gossamer.
NOTES
[1] The proposal from the Zoning Department would apply only to off-site consumption and not to a 4COP license which permits the sale of beer, wine and liquor for off-site and onsite consumptioncommonly known as a package store with a lounge. Another regulation which requires a 1,000 foot separation between package stores and churches or schools is not involved in this case.
[2] The interveners in this case are the operators of competitive liquor stores.
[3] He failed to mention that a liquor license for off-site consumption is limited by state law to a set number per county, and thus it would be impossible to establish an unlimited number of package stores on land zoned commercial.
[1] See St. Mary's Hospital, Inc. v. Phillipe, 769 So.2d 961 (Fla.2000).