S. S. LEONARD AND PATRONELLA LEONARD, *Appellants*, v. BAYLEN STREET WHARF COMPANY, A CORPORATION, *Appellee.*

1. A franchise is a special privilege conferred upon individuals or corporations by governmental authority to do something that cannot be done of common right.

2. Franchises are not consumed in their use, and when a particular use of them by individuals or corporations ceases by nonuse, forfeiture, limitation or otherwise, the further use may be granted or permitted to others. Private rights in franchises are confined to a proper use of them for the general welfare, subject to lawful governmental regulation.

3. The character and extent of the right granted to individuals and corporations in the use of a franchise depend upon the terms of the grant, the nature of the franchise, and the purpose designed to be accomplished.

4. The right to the use of a franchise is the property of the grantee, and its sale by judicial decree for the payment of his debts is not forbidden by law where the use continues for the public good as originally designed by the grant.

This case was decided by Division A.

Appealed from the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Jno. C. Avery,* for Appellant;

*Maxwell & Wilson,* for Appellee.

WHITFIELD, C. J.—The appellants being denied an accounting for the use of a wharf franchise and an injunction against the further use of the franchise appealed.

In substance the bill of complaint alleges that the appellants are the heirs at law of Samuel A. Leonard to whom was granted by legislative act in 1854 the right to construct a wharf at and from the termination of Baylen street, in the city of Pensacola; the act also providing "that the said Samuel A. Leonard, his heirs, executors, administrators and assigns shall have power to assess and collect tolls and rates of wharfage, by suit or otherwise, for the uses of said wharf, so far as may be consistent with the rights of the city of Pensacola to regulate such rates;" that said act has never been repealed; that after the passage of the act Samuel A. Leonard constructed a wharf, in pursuance of the terms thereof, at and from the termination of said Baylen street; that after the death of Samuel A. Leonard, without authority of law, his interest in said wharf was sold in 1867 by order of the County Judge, by the administrator; that said sale did not divest the title of the heirs of Samuel A. Leonard to said franchise; that S. Z. Gonzalez became the purchaser at such sale but acquired no title thereby; that in 1889 the defendant appellee here was incorporated with authority to acquire, manage, control and operate the Baylen Street Wharf, and to collect tolls and charges for its use; that the defendant corporation has acquired only the rights of said S. Z. Gonzalez to said franchise, and a conveyance of the space where the wharf is, from the Water Front Commissioners appointed under chapter 4802, laws of Florida; that the defendant is, and for a long time has been, using the wharf and collecting tolls and charges thereon. The prayer is for a delivery of the wharf to appellants, for an accounting, and for appropriate injunctions and general relief. A demurrer, on the ground that no equity was stated, being sustained, and no amendment being made, the bill of complaint was dismissed; and on appeal it is urged that the right granted to Samuel A. Leonard by

the act of 1854 is a franchise, and that the sale of the franchise was ineffective to divest the title of appellants, who are the heirs of the grantee of the franchise; that the rights of appellants are not barred by limitations or laches, and that the charter of the defendant required it to acquire the wharf, which it has not legally done.

A franchise is a special privilege conferred upon individuals or corporations by governmental authority to do something that cannot be done of common right. All franchises belong to the government in trust for its people. Franchises do not become the absolute property of any one, but their use may be granted or permitted by proper governmental authority, subject to supervision and regulation, and upon such terms as may be lawfully imposed. They are permitted to be used for the good of the public, usually for the purpose of rendering an adequate service without unjust discrimination, and for a reasonable compensation. Franchises are not consumed in their use, and when a particular use of them by individuals or corporations ceases by non-use, forfeiture, limitation or otherwise, the further use may be granted or permitted to others. Private rights in franchises are confined to a proper use of them for the general welfare, subject to lawful governmental regulation.

By the Common Law of England, a franchise granted by the sovereign to an individual is regarded as a hereditament, and the franchise, if it survives the grantee, passes to his heirs and not to his personal representatives as general assets for the payment of all debts. Under our system all property rights of a decedent, not exempt by law, are subject to his debts,—the personalty going directly to the administrator, and the realty to the heirs, subject to be taken by the administrator to pay debts (with).

Whether a governmental franchise in this State is to be regarded as realty or personalty, it is a property right and,

unless exempt by law, it is subject to the debts of the franchise holder. That a wharf franchise is a property right subject to alienation has been recognized in this State. Sullivan v. Lear, 23 Fla., 463, 2 South. Rep., 846, 11 Am. St. Rep., 388. A franchise has been declared by this court to be an incoporeal hereditament, not lands or tenements. Gibbs v. Drew, 16 Fla., 147. Being intangible it partakes of the nature of personalty. The failure of the proceedings, under which the sale of the franchise was made to show an insufficiency of the personalty for the payment of debts so as to make the real estate of the decedent available for his debts, is immaterial here since the franchise is not realty or real estate.

The character and extent of the right granted to individuals and corporations in the use of a franchise depend upon the terms of the grant, the nature of the franchise, and the purpose designed to be accomplished. Where the use of a franchise is granted to an individual and his heirs, personal representatives and assigns, the franchise may be exercised by the heirs or personal representatives of the deceased grantee of the franchise, or by the assignee of the grantee. The right of the grantee in the use of the franchise may not be subject to sale for the payment of the debts of the grantee after his death, if the rights of the public in the use of the franchise are thereby impaired. But the right to the use of the franchise is the property of the grantee, and its sale for the payment of his debts is not forbidden by law where the use continues for the public good as originally designed by the grant. As between the purchasers at an administrator's sale of a franchise and the heirs of a deceased grantee of the franchise, where the granting-power interposes no claim and it does not appear that the rights of the public have been injured by the sale of the franchise, the courts will not declare the sale illegal merely because it is of a fran-

chise. So long as the franchise is properly used in the public interest, and no private rights are invaded, the use of the franchise by particular individuals or corporations is of concern only to proper governmental authority. The wharf privileges conferred by the act of 1854 upon Samuel A. Leonard is a franchise granted to him and his heirs, executors, administrators and assigns. The right to use the franchise was a property right of the grantee, and its sale under judicial decree for the payment of his debts cannot be objected to by his heirs. Any property right of the grantee descended to his heirs subject to his debts, unless exempt by law for the benefit of the heirs. The law does not exempt a wharf franchise merely as such from the debts of the grantee of the franchise. While the franchise right of the decedent being intangible may not be subject to seizure and a ministerial sale by execution, a point not here decided, it was subject to a sale under a proper judicial decree for his debts at least in the absence of objection from the granting power, or of a showing of injury to the public. The franchise cannot be separated from the particular wharf mentioned in the granting act. The sale was of "the interest of Samuel A. Leonard in the Baylen Street Wharf," which carried the franchise right in the wharf, the right being in the nature of personal rather than of real property. The grantee of the franchise had no inheritable interest in the wharf property except as incident to the franchise. It may fairly be assumed that the franchise right was the only property right the decedent had in a wharf that presumably is upon navigable waters not subject to private ownership.

· The showing made by the allegations of the bill of complaint and the exhibits indicates that the appellants have long delayed in asserting a right to the franchise, even if the sale of it was not authorized. No right of the State is involved here. The sale was in 1867, and the present users

of the franchise were by law authorized to assume it in 1889, while this suit was begun in 1909.

The decree is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.