89 So.2d 255 (1956)
George R. HOLLAND, and We Sell Office Equipment Co., a Florida corporation, and All Florida Surety Co., a Florida corporation, Appellants,
v.
Harriet GROSS, Appellee.
Supreme Court of Florida. Special Division B.
June 13, 1956.
Rehearing Denied September 11, 1956.
*257 John P. Booth and George S. Okell, Sr., Miami, for appellants.
James M. Flowers, Miami, for appellee.
BARNS, Justice.
The appellants, George R. Holland and We Sell Office Equipment Company, a Florida corporation, sued Harriet Gross, seeking to have decreed null and void a note in the amount of $12,000, and a bond given as security therefor on the ground that the note was usurious under the provisions of F.S. § 687.07, F.S.A.; and that the defendant has forfeited to the plaintiffs the entire sum of money received by the plaintiffs from the defendant plus $1,800 interest paid by the plaintiff Holland to the defendant, or in the alternative that the individual plaintiff recover judgment against the defendant in double the amount of interest so reserved, exacted, taken and paid to the defendant by the individual plaintiff, pursuant to F.S. § 687.03, and § 687.04, F.S.A.
The Complaint alleges that the loan evidenced by said note was actually made to the individual plaintiff and not to the corporate plaintiff as the maker of the note; that the use of the corporation was a trick and device employed by the defendant for the sole purpose of evading the aforesaid statutes in a manner not permitted by law. The defendant-appellee-lender answered and made counterclaim seeking the enforcement of the note and bond. The master found for the defendant-counter claimant-appellee whose findings the Court confirmed and entered a final decree against the plaintiffs from which the plaintiffs appealed.
The appellants rely on two points for reversal, first, that the loan made in form to the corporation was actually a loan to the individual plaintiff appellant which would make the loan usurious. Second, that the repeal of F.S. § 612.62, F.S.A., prohibiting a corporation pleading usury, made the usury statutes, F.S. § 687.07, F.S.A., applicable to the loan notwithstanding that the loan was made before the repeal of section 612.62, supra. We find neither point well founded and affirm the decree appealed from.
As to the first point that the loan was actually a loan to the individual plaintiff-appellee, the findings of fact by the master, which findings were adopted by the chancellor, were that the lender, Harriet Gross, acting by and through her husband Leonard Gross and her attorney-at-law, Ernest Kass, refused to loan to George R. Holland the money evidenced by promissory note; that George R. Holland was the sole stockholder, and the President and Secretary of said "We Sell Office Equipment Co." and that the loan was one made to said corporation and not to George R. Holland.
"* * * The fact that a corporation was organized for the sole purpose of taking the loan and escaping the usury laws will not enable it to interpose the defense of usury in the face of such a statute. If, on the other hand, a loan is actually made to an individual, although in form of a corporation, the usury defense may be raised to defeat the obligation. The mere fact that the sole owner of the corporate stock is an individual is alone not enough to indicate that the loan was made to the individual so as to make available to the corporation the usury defense * *."
66 C.J., Sec. 214, pp. 253, 254-255; 91 C.J.S., Usury, § 74. To the same effect is:
"* * * While the corporate entity may generally be disregarded where it is used as a cloak or cover for fraud or illegality, the corporate entity of a corporation organized merely for the purpose of executing a mortgage on terms usurious in the case of an individual may not be disregarded in order to let in the defense of usury, available to an individual, but not to the corporation * * *." 55 Am. *258 Jur., Sec. 105, p. 396; also Jenkins v. Moyse, 254 N.Y. 319, 172 N.E. 521, 74 A.L.R. 205.
It is the duty of the Chancellor to accept the findings of fact by the Master unless clearly erroneous, Harmon v. Harmon, Fla., 40 So.2d 209, and upon review the appellate court's duty is no different in that respect from that of the Chancellor.
The Chancellor adopted the findings of fact by the Master. A finding of fact by the trial court in a non-jury case will not be set aside on review unless there is no substantial evidence to sustain it, unless it is clearly against the weight of the evidence, or unless it was induced by an erroneous view of the law. A finding which rests on conclusions drawn from undisputed evidence, rather than on conflicts in the testimony, does not carry with it the same conclusiveness as a finding resting on probative disputed facts, but is rather in the nature of a legal conclusion. 3 Am.Jur. 471. When the appellate court is convinced that an express or inferential finding of the trial court is without support of any substantial evidence, is clearly against the weight of the evidence or that the trial court has misapplied the law to the established facts, then the decision is "clearly erroneous" and the appellate court will reverse because the trial court has "failed to give legal effect to the evidence" in its entirety. We may not be required to state wherein the lower court has "failed to give legal effect to the evidence" when we reverse on that ground, but under such circumstances propriety dictates that we should.
The second point that the repeal in 1953 of F.S. § 612.62, F.S.A., providing that "No corporation shall interpose the defense of usury in any action in any court in this state" (1951) make the usury statutes applicable to loans made when section 612.62 was law, require a construction of this repealed section.
The provision of this section that "No corporation shall interpose the defense of usury * * *" is the equivalent of providing that the offense of usury cannot be committed against a corporation, that a corporation has no such defense under the substantive law and may never recover the penalties provided by the usury statutes. Such a provision means that the defense may not be interposed because the provision itself operates to remove loans to corporations from the scope of laws against usury. As stated in Matlack Properties, Inc., v. Citizens & Southern National Bank, 120 Fla. 77, 162 So. 148, 150 in reference to the provisions now known as section 612.62: "The statutory provision when applicable is held to mean any position or attitude in an action in which a corporation seeks to avoid its own contract by showing that it is usurious, and is not confined to the case of a corporation filing such defense when made a party defendant to an action."
The right to set up usury and avoid the contract to pay principal and interest is in the nature of a statutory penalty upon the lender. One who sets up usury is given the right to do this solely to advance a public purpose of preventing the exaction of too much interest by money lenders; unless the statute provides for a penalty and unless inures to his benefit he may not recover the statutory penalty or use the penalty for defensive purposes.
In respect to usury, a contract is to have effect according to the law at the time when the contract is made. Mitchell v. Doggett, 1 Fla. 356; Myrick v. Battle, 5 Fla. 345; Sodi, Inc., v. Salitman, Fla., 68 So.2d 882(4); and 66 C.J., § 63, p. 173; 91 C.J.S., Usury, § 11 b.
On September 23, 1952, the date on which said promissory note and bond were executed and delivered, the law of the State did not proscribe usury with respect to loans to a corporation. Consequently said promissory note was a valid and enforceable obligation. Such repeal did not make said promissory note, which was valid and enforceable at the time of the execution and delivery thereof invalid or unenforceable.
*259 Since the contract was valid and enforceable under the law at the time when the contract was made, and since the findings of fact by the master, confirmed by the chancellor, are not shown to be "clearly erroneous" the decree, inter alia, holding the contract to be valid the decree is affirmed.
DREW, C.J., O'CONNELL, J., and CRAWFORD, Associate Justice, concur.