111 So.2d 682 (1959)
Lillian GILBERT, as Executrix of the Estate of Sol Gilbert, deceased, and Max Cross, Appellants,
v.
DORIS R. CORPORATION, Inc., a Florida corporation, Charles M. Valois and Doris R. Valois, his wife, Appellees.
No. 58-314.
District Court of Appeal of Florida. Third District.
May 7, 1959.
Rehearing Denied May 28, 1959.
*683 Tobias Simon, Miami, for appellants.
Dan G. Wheeler, Jr., Miami, for appellees.
CARROLL, CHAS., Chief Judge.
Appellees Doris R. Corporation and Charles M. Valois and his wife Doris R. Valois filed a suit in equity against appellants Sol Gilbert and Max Cross, for a declaratory decree to define the rights of the parties as a result of a mortgage loan made by the appellants to the appellees. The appellants, defendants below, counterclaimed for foreclosure.
The suit resulted in a decree holding there was usury in the loan, and ordering repayment to defendants of the amount borrowed less double the usurious interest paid; and the court reserved jurisdiction to order a foreclosure sale if necessary.
Defendants appealed, and under appropriate assignments of error question the findings that the loan was individual rather than corporate, and that the use of the corporation as the "borrower" was a device to evade the usury statute.
Sections 687.02 and 687.03, Fla. Stat., F.S.A., provide that interest exceeding 15% per annum, as to corporations, and interest exceeding 10% per annum, as to individuals, is usurious and unlawful, subject to certain exceptions not important here. Section 687.04 permits a borrower under such a usurious contract, which represents a wilful violation of the provisions of § 687.03, to receive credit for or recover double the amount of usurious interest which has been reserved by the lender or been paid.
These usury statutes (§§ 687.03 and 687.04, ibid.) show a clear legislative intent to prevent accomplishment of the *684 objects forbidden, by the use of any scheme or device whatsoever or by any indirect process. See Beacham v. Carr, 122 Fla. 736, 166 So. 456, at page 459, in which the Supreme Court said:
"The statute makes it usury for the lender to charge more than 10 per cent per annum `either directly or indirectly, by way of commission for advances, discount, exchange, or by any contract, contrivance or device whatever.' (Italics supplied.) Section 6938, C.G.L. [now § 687.03, Fla. Stat., F.S.A.]. It cannot be held that a design formulated in the mind of the lender to evade the evident purpose of the usury laws and still exact his unlawful interest would be permitted, especially in a court of equity.
"`The cupidity of lenders, and the willingness of borrowers to concede whatever may be demanded or to promise whatever may be exacted in order to obtain temporary relief from financial embarrassment, as would naturally be expected, have resulted in a great variety of devices to evade the usury laws; and to frustrate such evasions the courts have been compelled to look beyond the form of a transaction to its substance, and they have laid it down as an inflexible rule that the mere form is immaterial, but that it is the substance which must be considered.' 27 R.C.L. 211 § 12."
In this case as a basis for his decree the chancellor found the facts as follows:
"The court finds that it has been proved by a preponderance of evidence (a) that in March, 1956, the defendants, Sol Gilbert and Max Cross, made a loan of $30,000 which, while ostensibly and in form a loan to the plaintiff corporation, Doris R. Corporation, was actually made to the individual plaintiffs, Charles M. Valois and Doris R. Valois, his wife; (b) that such corporation was formed and incorporated, at the insistence of the defendants and as a prerequisite to their making of the loan, as a sham contrivance or device, for the purpose of evading the provisions of section 687.03 of the Florida Statutes [F.S.A.] and charging and collecting a rate of interest greater than ten per cent. per annum; (c) that such contrivance or device was wilfully adopted and employed by the defendants and was a deliberate and flagrant violation of the provisions of such 687.03; and (d) that the defendants are subject, therefore, to the penalties prescribed by the provisions of section 687.04 of the Florida Statutes [F.S.A.].
"The court further finds (e) that no part of the principal of such loan has been paid, but that usurious interest in the aggregate sum of $7,875 has been paid; (f) that the defendants have forfeited the sum of $15,750 (double the amount of such usurious interest paid to them); (g) that, therefore, the plaintiffs Charles M. Valois and Doris R. Valois, his wife, are now indebted to the defendants, Sol Gilbert and Max Cross, in the sum of $14,250; and (h) that, to secure the payment of such indebtedness, the defendants are entitled to, and have, a mortgage lien on that certain real property mentioned and described in the plaintiffs' complaint."
Appellants argue that the court's findings were contrary to, and not supported by the evidence. Appellants argue further that it is not a violation of the usury laws for a person to make a loan to or for an individual at an interest rate of more than 10% per annum (but not exceeding 15% per annum) by using a corporation as the "borrower". Appellants state that proposition in their brief as follows:
"It is, however, the position of the defendants that the court was unwarranted in its decision, with or without the benefit of the foregoing evidence. It is the position of the defendants, *685 simply put, that they were entitled by law to require the formation of a corporation `as a prerequisite to their making of the loan', and that it was without significance that the corporation thus formed had or had not independent business need in the mind or act of its incorporators, or that the same was or was not the alter ego of the prior owner of the mortgage property.
"For this purpose then, we assume no overlooking or conflict of testimony. Let it be (from the testimony of the plaintiff) that Valois desired to borrow money; that `to make it legal' to charge fifteen percent (15%) interest per annum, the attorney for the defendants, with the concurrence of the plaintiffs, formed a corporation; the plaintiff Doris conveyed her property to the corporation and the corporation executed a note and mortgage in exchange for $30,000.00; that the individual plaintiff `had no need for a corporation'. The defendants were thereby able to lend money at fifteen percent (15%) rather than at ten percent (10%) interest."
Appellants add that they believe that procedure to be "common in practice, custom and usage legally sanctioned by the laws of the State of Florida."
We feel that appellants' proposition thus stated supplies its own answer adverse to their contention. See Gelber v. Kugel's Tavern, 10 N.J. 191, 89 A.2d 654; In re Greenberg, 21 N.J. 213, 121 A.2d 520. Use of a corporate shell to cloak a loan which is actually being made to an individual borrower will not be allowed to defeat the usury laws of this state.
Whether a loan to a corporation is a device to avoid the usury law as being one which is actually a loan to an individual, or whether the corporation is a real and genuine borrower at the higher (15%) rate, as authorized under the usury law, is a question of fact to be determined in each case. See Holland v. Gross, Fla. 1956, 89 So.2d 255, 63 A.L.R.2d 920; and 55 Am. Jur., Usury, § 169, 91 C.J.S. Usury § 118.
To hold that a loan made to an individual willing to pay as high as 15% interest, may avoid the effect of the usury statute placing a 10% limitation on such a loan to an individual, by using a corporation as borrower, where the loan is really for the individual's ultimate use and benefit, not only violates the usury statute by being a device or scheme to circumvent the law, but it adds to the evil which the law sought to prevent by imposing on a borrower the additional expense of forming or engaging a corporation to accomplish the forbidden purpose.
No useful purpose would be served by restating the evidence in detail in this opinion. We have examined the record and conclude there was sufficient credible factual evidence to support the findings and conclusions of the chancellor.
Appellants place principal reliance on the case of Holland v. Gross, supra, Fla. 1956, 89 So.2d 255, 63 A.L.R.2d 920. In that case a borrower challenged a loan as being usurious. He was denied relief in the trial court, and the Supreme Court affirmed on the ground that the findings of fact of a special master which the chancellor had adopted found adequate support in the evidence. Those findings had to do with whether the loan to the corporation (which under the law at that time could not plead usury) was a loan to the corporation plaintiff or was actually a loan made to the individual plaintiff, and whether the use of the corporation was a trick or device employed by the lender to evade the usury statute.
While different results were reached in the Holland case and the instant case, the two cases are not inconsistent or in conflict.[1] *686 In the former the trial court found, on the evidence, that the loan to the corporation was bona fide. In this case, also with ample supporting evidence, the trial court found to the contrary.
Other questions raised, including cross-assignments of error argued in appellees' brief, have been examined and considered in the light of the record, and were found to be without merit.
No error having been made to appear, the decree appealed from is hereby affirmed.
Affirmed.
PEARSON, J., and KNOTT, JAMES R., Associate Judge, concur.
NOTES
[1] See analysis and discussion of the Holland case in Annotation, 63 A.L.R.2d 924, at page 955.