WHITE, Judge.
Appellant West Coast Disposal Service, Inc., plaintiff below, appeals two orders which (1) granted defendants’ motion to dismiss the first count of the complaint for injunctive relief, and (2) ‘denied injunctive relief and damages sought under the second count of the complaint. The suit was directed against alleged infringements of rights under a franchise. .
The Board of County Commissioners for Sarasota County originally granted an exclusive franchise to one Jack Harris to collect garbage within a specified area and to make charges for such services to customers. The plaintiff corporation became holder of this franchise through a series of agreements and assignments. The defendants operate trailer parks within the service area of the plaintiff’s franchise. In October 1959 the defendants discontinued plaintiff’s services on the ground inter alia that the plaintiff handled the garbage in an unworkmanlike manner “leaving garbage and trash strewn about in an untidy fashion.” The defendants also protested that the plaintiff was charging $1.75 per barrel, the same charge that prevailed in sparsely populated areas, and was inequitably applying the same rate to occupied and unoccupied trailer sites.
The defendant owners began disposing of their own garbage and the garbage of their trailer parks without additional charge to the tenants. The plaintiff thereupon filed its complaint, alleging in Count I that the defendants were keeping the plaintiff off their premises and preventing plaintiff from contacting the tenants and rendering the services contemplated by the franchise. Count II alleged in effect that the self-service activity of the defendants constituted unlawful competition with the plaintiff. The prayer, as stated, was for injunctive relief and damages.
The chancellor granted the defendant’s motion to dismiss Count I and, on final hearing, ruled for the defendants under Count II. The issue under the latter count was whether or not the defendants were wrongfully competing with the plaintiff when they, as owners of the premises, gratuitously collected and transported their tenants’ garbage to the dump along with their own garbage.
The holder of a franschise, in the commercial sense here involved, generally performs functions of a quasi governmental nature in that such a franchise is the privilege of engaging under governmental authority in that “which does not belong to the citizens * * * generally by common right.” 23 Am.Jur., Franchises, § 2. It is a contract with a sovereign authority by which the grantee is licensed to conduct such a business within a particular area and it may prohibit others from engaging in the same business within the prescribed area for a given period of time.
*354 A franchise is fundamentally a property right with respect to its enjoyment and protection, even though the involvement of public interest necessarily subjects it to governmental oversight and control. Leonard v. Baylen Street Wharf Company, 1910, 59 Fla. 547, 52 So. 718, 31 L.R.A.,N.S., 636, 23 Am.Jur., Franchises, §§ 4 and 5. Injunction will lie in a proper case to prevent the unlawful infringement of a franchise. 23 Am.Jur., Franchises, § 39; State ex rel. Watkins v. Fernandez, 1932, 106 Fla. 779, 143 So. 638, 86 A.L.R. 240.
The instant record discloses that there was not a sufficient representation or showing that the defendants wrongfully prevented the plaintiff from contacting the trailer park tenants for garbage disposal agreements. We find no error in the dismissal of Count I of the complaint, which leaves for consideration the question of whether or not the defendants were wrongfully competing with the plaintiff in the garbage disposal business within the plaintiff’s franchise territory.
The import of defendants’ contention is that there could be no wrongful competition in doing that which the defendants had the legal right to do; that in providing gratuitous garbage disposal service for themselves and their own tenants they were not wrongfully interfering or engaging in business competition with the plaintiff. We agree.
Engaging in business denotes the general pursuit of a trade or occupation for profit. The defendants and their tenants clearly have the right, as do other residents, to contract with the plaintiff for garbage disposal services; but they also have the right to dispose of their own garbage if, in so doing, they do not create health hazards. There is nothing in the record to show that the defendants have acted adversely to any governmental regulation or have otherwise transgressed the police power of Sarasota County. The county obviously did not operate its own disposal system on a compulsory fee basis and it is notable that the county is not a party to this appeal.
It was argued on behalf of the plaintiff that Jarrell v. Orlando Transit Company, 1936, 123 Fla. 776, 167 So. 664 is controlling. That case arose between a bus company holding an exclusive franchise over certain streets and a taxicab company which operated over the same streets and charged similar fares. Vehicles of the taxicab company cruised ahead of the plaintiff’s buses and solicited passengers for a consideration in direct contravention of the plaintiff’s franchise. Injunctive relief was properly granted under the facts, which are clearly divergent from the instant situation. Compare also Boise Street Car Company v. Van Avery, 1940, 61 Idaho 502, 103 P.2d 1107.
No business competition or improper interference having been made to appear, there was no unlawful infringment of the plaintiff’s franchise. It follows that the plaintiff suffered no damages eo nomine.
Accordingly the chancellor did not err in ruling for the defendants and dismissing the complaint.
Affirmed.
ALLEN, Acting C. J., and BEN C. WILLIS, Associate Justice, concur.