**BAND v. O'DARE'S HORSE TRANSPORT, Inc., et al.**
No. 68-7301.

Civil Court of Record, Dade County.

May 9, 1969.

Samuel Morris, Hialeah, for plaintiff.

Christopher C. Larimore of Shutts & Bowen, Miami, for defendants.

LELAND B. FEATHERSTONE, Judge.

*Order compelling defendants to surrender certificate:* The complaint in this cause was filed by the plaintiff against both of the defendants to recover upon a promissory note executed and endorsed by the defendants. Service upon the defendant corporation was obtained by serving Jack O'Dare as president. Default was entered against both defendants on December 20, 1968, and thereafter a final judgment was entered against both defendants in the total amount of $3,359.75 on December 26, 1968. Execution was issued and it appears that an attempt was made by the sheriff to levy upon an Interstate Commerce Commission certificate of public convenience and necessity, no. MC 107947 issued in the name of the defendant corporation. However the defendants refused to

surrender the certificate to the sheriff after demand was made on January 22, 1969. Thereafter the plaintiff filed his motion to compel the defendants to surrender the above described certificate to the sheriff of Dade County.

This matter was argued before this court by counsel for the respective parties and briefs have been filed on behalf of each of them.

In Leonard v. Baylen Street Wharf Co., 52 So. 718, in an opinion written by the Supreme Court of Florida concerning a certain franchise that had been issued to Leonard the following appears (text page 719) —

> Whether a governmental franchise in this state is to be regarded as realty or personalty, it is a property right, and, unless exempt by law, it is subject to the debts of the franchise holder. That a wharf franchise is a property right subject to alienation has been recognized in this state. Sullivan v. Lear, 23 Fla. 463, 2 South. 846, 11 Am. St. Rep. 388. A franchise has been declared by this court to be an incorporeal heredit-ament, not lands or tenements, Gibbs v. Drew, 16 Fla. 147, 26 Am. Rep. 700. Being intangible, it partakes of the nature of personalty. * * *

> But the right to the use of the franchise is the property of the grantee, and its sale for the payment of his debts is not forbidden by law where the use continues for the public good as originally designed by the grant. * * *

> The right to use the franchise was a property right of the grantee, and its sale under judicial decree for the payment of his debts cannot be objected to by his heirs. Any property right of the grantee descended to his heirs subject to his debts, unless exempt by law for the benefit of the heirs. The law does not exempt a wharf franchise merely as such from the debts of the grantee of the franchise. While the franchise right of the decedent being intangible may not be subject to seizure and a ministerial sale by execution, a point not here decided, it was subject to a sale under a proper judicial decree for his debts at least in the absence of objection from the granting power, or of a showing of injury to the public.

In a later case cited as West Coast Disposal Service, Inc. v. Smith, 143 So.2d 352, text page 354, appears the following —

> A franchise is fundamentally a property right with respect to its enjoyment and protection, even though the involvement of public interest necessarily subjects it to governmental oversight and control. Leonard v. Baylen Street Wharf Company, 1910, 59 Fla. 547, 52 So. 718, 31 L.R.A., N.S., 636, 23 Am.Jr., *Franchises,* §§4 and 5.

It is the opinion of this court that the certificate of public convenience and necessity is subject to levy and sale to satisfy the debt or debts of the defendant corporation and should be sur-rendered to the sheriff of Dade County for that purpose, subject however to the approval of such sale to the purchaser by the Interstate Commerce Commission.

It is therefore considered, ordered and adjudged that the defendant Jack O'Dare as president of O'Dare's Horse Transport, Inc., a Florida corporation, is ordered to surrender to the sheriff of Dade County Interstate Commerce Commission certificate of public convenience and necessity no. MC 107947 so that the same may be sold by the sheriff subject to approval of the Interstate Commerce Commission, and the sheriff of Dade County is directed to execute this order.