WARNER, Judge.
In this appeal from a final judgment denying the mother’s petition for modification of custody, the appellant mother contends that the trial court’s findings of fact were unsupported by the record and that it erred in refusing to admit evidence of the appellee father’s convictions for driving while intoxicated and his unstable family life. In addition, she claims that the court erred in requiring her to pay fifty percent of the father’s attorney’s fees and in calculating her income for child support. We affirm.
This case has had a turbulent history. Briefly, the parties were divorced in 1989 and the mother obtained residential custody of the two young sons. In 1990 she absconded with the sons to New Jersey and went into hiding, denying all contact between the father and his children. The father filed a petition for modification which was granted in 1991, and the children were returned to Florida with the father, but not without the mother being jailed for contempt until she revealed the whereabouts of the children. About a year later, the mother moved for a modification of custody claiming that she now understood her duties as a parent, had remarried and lived in a stable environment in New Jersey, and had reformed, permitting her to regain custody of her sons.
In a lengthy trial of sharply conflicting testimony regarding both the mother and the father, the guardian ad litem recommended that the children remain with their father, and the school reports indicated that they were doing very well. The older child most vocally indicated his preference to be with his mother, but this was always in close proximity to a visit with her, and in every case in which he did so, there was a very strong inference that his statements were the result of coaching, which the trial court observed. The younger child just wanted to be with his older brother.
The trial court denied the modification, determining that the mother continued to exert psychological pressure on the children detrimental to their welfare and to the relationship between the children and their father. The court found that while both parents were fine persons and each had flaws, the flaws of the father did not preclude him from being a good parent.
A trial court’s findings come to us with the presumption of correctness. Baker v. Baker, 394 So.2d 465 (Fla. 4th DCA), rev. denied, 402 So.2d 607 (1981). We cannot say that those findings were not supported by either facts or inferences from the evidence presented. See Holland v. Gross, 89 So.2d 255 (Fla.1956); Oceanic Int’l. Corp. v. Lantana Boatyard, 402 So.2d 507 (Fla. 4th DCA 1981).
The mother sought to introduce evidence that the father had been convicted four times of driving while intoxicated in support of her contention that the best interest of the children necessitated the return of primary physical residence of the children to her. However, the court ruled such evidence irrelevant if it did not pertain to incidents occurring since the father obtained custody in 1991. While the trial court could have considered such evidence, we do not find that it was an abuse of discretion necessitating reversal not to admit it. Its relevance depended on the closeness in time of the convictions to the father’s assumption of custodial duties. The mother’s attorney did not proffer anything more than the fact that the father had 4 DWI convictions during his 40 year life without any indication as to when these were. Moreover, the trial court did hear testimony about the father’s current drinking habits. We cannot conclude that the court abused its discretion causing reversible error by declining to hear this evidence or the evidence of his unstable family life, which occurred prior to his marriage to the mother.
We affirm the award of attorney’s fees to the father on the basis of Mettler v. Mettler, 569 So.2d 496 (Fla. 4th DCA 1990).
*207 We also affirm as to the remaining issues, including the trial court’s imputation of income to the mother for child support purposes.
Affirmed.
HERSEY and GUNTHER, JJ., concur.