COPE, J.
Fiscal Operations, Inc. appeals an adverse summary judgment in its action against Miami-Dade County for forcible entry and unlawful detainer under chapter 82, Florida Statutes (1997). We affirm.
By contract with the County, Fiscal was granted a franchise to operate County-owned gantry cranes which are used for loading and unloading ships in the Port of Miami, a County facility. Fiscal collects fees from those who need the cranes for unloading and loading vessels within the Port. Under the contract, part of the fees go to the County and part are retained by Fiscal.
In 1997, the County brought suit against Fiscal for breach of contract, and Fiscal asserted counterclaims. On May 18, 1998, the County notified Fiscal that it was terminating the operating agreement, and on May 19, the termination took effect.[1]
The present controversy involves a maintenance yard which had been allocated to Fiscal for maintenance and support of the gantry cranes. The maintenance yard was fenced and locked. On May 19, the County broke the locks and took possession of the maintenance yard.
Contending that this type of self-help is prohibited by Florida law, Fiscal brought a statutory action for forcible entry and unlawful detainer under chapter 82, Florida Statutes (1997). Fiscal contended in sub *599 stance that, absent Fiscal’s consent, the County should have obtained a court order authorizing it to enter the locked maintenance yard and that, under the statute, it was entitled to a summary order restoring it to possession until such time as the County obtained a court order in a lawful way.[2] See §§ 82.03-071, 82.101, Fla.Stat. Fiscal also sought statutory damages. See id. § 82.071. The trial court entered summary judgment for the County, and Fiscal has appealed.
We conclude that the trial court ruling was correct. In an early case, the Florida Supreme Court held that this statutory remedy “cannot exist for the recovery of the possession of a public work to which is attached important prerogative franchises, rights, and duties resulting from a special grant by the sovereign.... ” Gibbs v. Drew, 16 Fla. 147, 150 (1877); see also 20 Fla.Jur.2d Ejectment and Related Remedies § 68 (1980). See generally Leonard v. Baylen Street Wharf Co., 59 Fla. 547, 549, 52 So. 718, 719 (1910). In Gibbs, the court held the statutory action to be unavailable in a case in which it was said that the governor unlawfully detained a portion of a railroad.
Here, Fiscal held the maintenance yard as an incident to its franchise agreement with the County. Under Gibbs, the statutory proceeding for forcible entry and unlawful detainer does not lie. This ruling does not, of course, preclude Fiscal from asserting any other claims it may have in an appropriate civil action, but the chapter 82 statutory proceeding is unavailable.
Affirmed.

. The County Manager’s recommendation to the County Commission to terminate the contract had been made a few weeks previously, and was a matter of public record. In the already-pending lawsuit, Fiscal moved for a temporary injunction to prevent the termination of the operating agreement. The injunction request was denied, and this court affirmed the denial without opinion. See Fiscal Operations, Inc. v. Metropolitan Dade County, 717 So.2d 1023 (Fla. 3d DCA 1998).

. Fiscal’s claim pertains to the fenced maintenance yard, not the crane or the area of the Port where the cranes are located.