BROWNING, J.
Central Water Works, Inc. (Appellant), holder of an exclusive franchise to furnish water to commercial customers in a portion of Escambia County, appeals the trial court’s final judgment finding that Town of Century, Florida (Appellee), has the right to supply water to a Department of Juvenile Justice (DJJ) facility situated within Appellant’s exclusive franchise area. The trial court based its ruling on three grounds: (1) Appellant consented to Ap-pellee’s provision of water to the DJJ facility; (2) sections 985.41(14), (16) and (19), Florida Statutes, authorize the DJJ, in its discretion, to contract with either Appellant or Appellee; and (8) to permit Appel-lee to provide water to the DJJ facility would “best serve the public interest and be fair and equitable to legitimate competing interests.” We disagree on all grounds and reverse.
In 1966, the Escambia County Board of County Commissioners granted Appellant an exclusive franchise to furnish water service within a prescribed geographical region in Escambia County, Florida. § 180.06, Fla. Stat.; Ch. 57-1313, Laws of Fla. (1957). Subsequently, DJJ sited a juvenile facility within Appellant’s franchise area, on land leased to the DJJ by Appellee. The terms of the lease, which was entered in 1996, provided, among other things, that DJJ purchase its water service from Appellee. Pursuant to the lease agreement, DJJ purchased its water from Appellee, even though DJJ had previously contracted with Appellant for water service and terminated such service after protests by Appellee. After DJJ terminated water service from Appellant, Appellant filed suit, alleging that Appellee had infringed upon its exclusive franchise.
We begin our analysis by reiterating that a franchise constitutes a private property right. West Coast Disposal Service, Inc. v. Smith, 143 So.2d 352 (Fla. 2d DCA 1962). If the franchisee has the ability promptly and efficiently to meet its duty to provide the service prescribed by the franchise agreement, the franchisee’s right can be alienated only by its consent unless full compensation is paid. Id. There is no dispute that Appellant has at all times had the ability promptly and efficiently to furnish water services to the DJJ.
A finding of fact by a trial court in a non-jury trial will not be set aside on review unless there is no competent substantial evidence to sustain it, or unless it was induced by an erroneous view of law. Holland v. Gross, 89 So.2d 255, 258 (Fla.1956).
Addressing the first ground of the final judgment, the trial court found that Appellant consented to Appellee’s providing water to the DJJ facility. However, during Appellant’s motion for rehearing, the trial court receded from its finding of consent by Appellant and opined the “purported consent ... should have been reduced to writing. So, [consent] was not really a basis for my decision.” We find these statements by the trial court effected an implied amendment to or abandonment of the consent provision to the final judgment. However, assuming arguendo that the trial court did not recede from its finding of consent by Appellant, we conclude that the finding is not supported by competent, substantial evidence and, *817 therefore, constitutes error on that basis. Holland, 89 So.2d at 258.
The trial court also erred on its second ground by ruling that sections 985.41(14), (16) and (19), Florida Statutes, authorize DJJ to contract with whomever it chooses and to ignore Appellant’s franchise rights. Such an interpretation constitutes an incorrect application of law. These statutory provisions merely provide that: the siting of juvenile facilities is to be given priority by other affected governmental agencies; governmental entities subject to legislative control are to subordinate conflicting regulations to these provisions; the DJJ may enter into lease-purchase agreements; and the DJJ may depart from the competitive bid selection process for the purchase or acquisition of land for DJJ facilities. Such statutory provisions do not authorize the abrogation of Appellant’s vested franchise rights in the manner determined by the trial court. Furthermore, the legislature cannot authorize such an abrogation without providing for payment of full compensation to Appellant. Art. X, § 6, Fla. Const.; Leonard v. Baylen Street Wharf Co., 59 Fla. 547, 52 So. 718 (1910). Thus, the trial court’s interpretation of these statutory provisions was a misapplication of the law to the facts and is clearly erroneous. Holland, 89 So.2d at 255.
Finally, the trial court’s third ground for its final judgment, determining that resolution of the instant appeal should be reached by applying “principles which appear to best serve the public and be fair and equitable to legitimate competing interests,” was error. Franchise rights are not subject to abrogation by “judicial balancing” of this type. When granted, a franchise becomes a property right in the legal sense of the word. City of Mount Dora v. JJ’s Mobile Homes, Inc., 579 So.2d 219, 223-224 (Fla. 5th DCA 1991). In Florida, the basis for the right of both governmental and private entities to provide utility services to the public is statutory, and the franchise right of each is equal. Id. at 225. Neither entity is, per se, superior or inferior to the other. Id. When each of two public service entities, whether governmental or private, has a legal basis for the claim of a right to provide similar services in the same territory, and each has the present ability to do so promptly and efficiently, the entity with the earlier acquired legal right has the exclusive legal right to provide service in that territory without interference from the entity with the later acquired right. Id.
Appellant’s franchise was granted in 1966. Appellee acquired its legal right through a lease agreement in 1996. Although both entities have a legal basis for their claim of entitlement to supply the DJJ’s water, Appellant’s franchise was the earlier acquired. Accordingly, Appellant has the exclusive legal right to supply the DJJ’s water. The trial court’s finding to the contrary was a misapplication of the law to the facts and was clearly erroneous. Holland, 89 So.2d at 255.
Appellee advances grounds other than those stated in the final judgment for affir-mance of the trial court. However, from a review of the record, we do not find that the final judgment is affirmable on any alternate grounds as asserted by Appellee.
For the foregoing reasons, we REVERSE and REMAND.
ALLEN and WEBSTER, JJ., Concur.