MAKAR, J.,
concurring.
I agree that the order establishing residential custody and visitation should be reversed and remanded for consideration for the reasons stated.' Three additional points warrant mention, each weighing in favor of the relief the father seeks. First, the mother’s brother is a registered sexual offender (lewd or lascivious battery; victim age 12-15) with whom S.L.W. sometimes stays. The father raised this as a concern in support of the relief sought. The mother countered that the father was aware of the brother’s status yet dropped off S.L.W. with him occasionally; the father explained, however, that he initially thought the brother’s status was based on the victim and the brother being 17 and 18 years old, respectively, but that discovery in this case showed a greater age difference. For unknown reasons, the trial court gave no weight to the father’s concern — but should on remand. Second, the trial court’s consideration of the police reports on remand is important because of the closeness in time of the incidents with the mother’s care of S.L.W. See McCann v. Daniels, 650 So.2d 205, 206 (Fla. 4th DCA 1995) (incidents occurring while parent in custody of child more relevant than those remote in time when child not in parent’s custody). Because the record reflects a more stable home environment surrounding the father, the proximity in time of the incidents involving S.L.W. when in the care of the mother becomes more relevant. Finally, it is inequitable to make the mother’s current residence the “home base” while placing the burden of transportation solely on the father; the equities appear to weigh far more heavily in the father’s favor on this facet of the dispute.
On the current record, it is a close case whether to simply reverse and remand, ordering that the father be given full custody on a temporary basis. Given that the trial judge must establish specific conditions that a parent must satisfy in order to re-establish time-sharing with the child, see Grigsby v. Grigsby, 39 So.3d 453, 455 (Fla. 2d DCA 2010), the better course for now is to reverse and remand, allowing the trial court to make these determinations.