TAYLOR, J.
The father appeals a non-final order denying his second amended motion for contempt and enforcement of a timesharing agreement. The mother cross-appeals the trial court’s determination that the father was entitled to a federal income tax exemption for the minor child. We affirm the order denying the father’s motion for contempt, but reverse the order finding the father entitled to a tax exemption.
The parties’ minor child was born on August 29, 2008. On September 29, 2010, the trial court entered a final judgment of paternity, which incorporated a parenting plan. Under the plan, the father had time-sharing of the parties’ child on weekends. And although the father disputes this point, the plan provided that summer time-sharing was to begin after the minor child started school.
The parties were to alternate the Income Tax exemption for the minor child, with the father being entitled to the exemption on odd-numbered years, and the mother being entitled to the exemption on even-numbered years. The final judgment also provided that the father was obligated to pay $226 per month in regular child support payments, plus an arrearage of $6,593 to be repaid at the rate of $100 per month.
Following an appeal by both parties of the final judgment of paternity, we affirmed the paternity judgment in most respects, but reversed the trial court’s failure to give the father credit for $850 in child support payments. We also remanded with instructions that the final judgment of paternity be amended to require the mother to execute a waiver of the dependency exemption only if the father “is current in support payments.” See Williams v. Lutrario, 81 So.3d 589, 589 (Fla. 4th DCA 2012).
Consistent with our instructions, the trial court entered an amendment to the final judgment of paternity which gave the father credit for the $850 in child support and added the following language to the final judgment: “The Mother, the custodial parent, is required to execute a waiver of the dependency exemption in the odd calendar years, only if the Father is current in his support payments.”
The parenting plan set forth in the final judgment included the following section regarding scheduling:
VI. SCHEDULING
1. School Calendar
If necessary, on or before August 1st of each year, both parents should obtain a copy of the school calendar for the next school year. The parents shall discuss the calendars and the time-sharing schedule so that any differences or questions can be resolved.
The parents shall follow the school calendar of: (Choose all that apply)
[X] the school calendar for PALM Beach County.
[[Image here]]
3. Winter Break
[X] The [] Mother [X] Father shall have the child(ren) for the entire Winter Break during [X] odd-numbered years ... every year. BEGINS ONCE CHILD STARTS GRADE K. Mother shall have the child the entire winter break in even years.
* * *
4. Spring Break (Choose only one)
*803 [X] The parents shall alternate the entire Spring Break with the Mother having the child(ren) during the [] odd-numbered years [X] even numbered years. BEGINS ONCE CHILD STARTS GRADE K.
5. Summer Break (Choose only one)
[X] The parents shall divide the child’s Summer Break. During [X] even numbered years, the [] Mother [X] Father shall have the child(ren) from _one day_after school is out for 4 consecutive weeks. The other parent shall have the child(ren) for the remainder of the summer break. The parents shall alternate the first and second portions of the Summer Break in this fashion each year unless otherwise agreed in writing.
In June 2012, the father filed his Second Amended Motion for Contempt, claiming that he was denied summer break time-sharing and that he was denied the IRS tax exemption for the minor child for the year 2011.
Without warning, and without waiting for a hearing on his motion, the father took the three-year-old child in July 2012 and kept her for four consecutive weeks, asserting that the parenting plan gave him the right to do so. The mother maintained that the father was not entitled to four consecutive weeks of visitation time in the summer until the child started school. Consequently, she filed a verified emergency motion for return of the child. The trial court, however, denied the mother’s request for an emergency hearing.
In November 2012, the trial court held a hearing on the father’s Second Amended Motion for Contempt. The father stipulated that the child was not yet in school and would not begin kindergarten until August 2013. After reviewing the language of the final judgment, the trial court noted that it “plainly states that summer timesharing is to occur after the minor child starts school.” The trial court found that the mother was not in contempt “for failing to provide the child to the [father] for summer timesharing” in its Order on Respondent’s Second Amended Motion for Contempt and Enforcement.
We agree with the trial court’s interpretation of the summer break provision of the parenting plan and affirm the court’s ruling on this issue. By referring to the child’s summer break and stating that the father shall have the child in even numbered years from one day after school is out, the Summer Break provision is necessarily referring to a time when the child is of school age and is on break from school. We conclude that the Summer Break provision is unambiguous even without the additional language: “BEGINS ONCE CHILD STARTS GRADE K”
At the hearing on the father’s Second Amended Motion for Contempt, the trial court also heard testimony regarding the tax exemption dispute. The father claimed he was entitled to the IRS tax exemption for 2011, testifying that he “faithfully paid” child support of $226 plus $100 in arrearages every month since he received the final judgment. After hearing conflicting testimony from both parties regarding whether the father was current in his child support, the trial judge stated that she would take judicial notice of the clerk’s child support registry/ledger. The ledger reveals that the father was never current on his child support payments throughout the entire year of 2011. He was current on his child support payments only by the time of the November 2012 hearing.
The trial court entered an order stating the following: “The Court finds that Respondent/Father is current in his child support and will therefore be entitled to the Federal Income Tax Deduction for the *804 minor child effective immediately. The Petitioner/Mother shall not take the deduction beginning in 2012.”
The mother cross-appealed the trial court’s ruling regarding the income tax exemption, arguing that the father was not current in his child support payments in 2011 and thus was not entitled to the IRS tax exemption for the minor child.
A trial court’s finding of fact which rests on undisputed evidence is in the nature of a legal conclusion and is subject to the “clearly erroneous” standard of review. See Holland v. Gross, 89 So.2d 255, 258 (Fla.1956). Where a trial court has misapplied the law to the established facts, or where a finding of the trial court is without support of any substantial evidence or is clearly against the weight of the evidence, “then the decision is ‘clearly erroneous’ and the appellate court will reverse because the trial court has ‘failed to give legal effect to the evidence’ in its entirety.” Id. Because the trial court’s finding was based upon the Clerk’s child support ledger and neither party challenged the accuracy of ledger, we apply the “clearly erroneous” standard of review.
Here, the final judgment provided that the parties were to alternate the income tax exemption for the minor child, with the father being given odd years and the mother being given even years. However, the father’s alternating years for the IRS tax exemption as reflected in the paternity judgment are conditioned on the father being current in his support payments. See Williams v. Lutrario, 81 So.3d 589 (Fla. 4th DCA 2012); § 61.30(11)(a)(8), Fla. Stat. (2011).
At the time of the November 2012 hearing, the only odd numbered year for which the father would have been entitled to the tax exemption was the year 2011, but his entitlement was conditioned upon his being current in child support payments. The Clerk’s child support ledger, which the trial court judicially noticed, clearly shows that the father was not current in his child support at the end of the year 2011. In fact, the father was never current in his child support throughout the entire year of 2011.
To be sure, the father’s child support was brought current by the time of the November 2012 hearing. This presumably explains why the trial court found that the father was “current” in his child support. However, the relevant question is not whether the father was current in his child support at the time of the contempt hearing, but rather whether the father was current in his child support at the end of the relevant tax year so as to be entitled to the dependency tax exemption under section 61.30(ll)(a)(8). The mother cannot be held in contempt for taking the exemption for a tax year during which the father was never current in his support payments, even though the father later became current on his payments. Accordingly, because the father was not current in support payments at the end of the year 2011, the mother was not required to execute a waiver of the dependency exemption for that tax year.
Accordingly, we reverse the order in part and remand with directions for the trial court to delete the following language from the order on appeal: “The Court finds that Respondent/Father is current in his child support and will therefore be entitled to the Federal Income Tax Deduction for the minor child effective immediately. The Petitioner/Mother shall not take the deduction beginning in 2012.”

Reversed in part and Remanded.

DAMOORGIAN, C.J., and KLINGENSMITH, J„ concur.